LABARGA, J.
 

 This matter is before the Court for consideration of a proposal by the Florida Supreme Court Criminal Court Steering Committee (Committee) to adopt the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators. The new rules are to be used specifically in proceedings brought under Chapter 394, Part V, Involuntary Civil Commitment of Sexually Violent Predators, Florida Statutes. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 In Chapter 98-64, Laws of Florida, the Legislature created “The Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators’ Treatment and Care Act” (Act).
 
 [1]
 
 The Act provides for “the involuntary commitment of persons who are convicted of sexual offenses and found to be ‘sexually violent predators.’ ”
 
 West-erheide v. State,
 
 831 So.2d 93, 97 (Fla. 2002). A “sexually violent predator,” as defined under the Act, is one who has been convicted of a sexually violent offense as defined by section 394.912(9), Florida Statutes (2008), and who is likely to reoffend due to “mental abnormality” or “personality disorder.” § 394.912(10), Fla. Stat.
 

 The Court requested that the Committee create a comprehensive set of proposed rules to be used in commitment proceedings brought under the Act. The proposals for use in civil commitment proceedings under Chapter 394, Part V, submitted by the Committee on May 28, 2008, were drafted using the existing rules of civil procedure as a model. The proposed rules include the following: 4.010-Seope and Title of Rules; 4.030-Nonverification of Pleadings; 4.040-Parties; 4.050-Com-mencement of Action/Responsibility of Clerk to Notify Presiding Court/Probable Cause Finding; 4.060-Venue and Transfers of Actions; 4.070-Process; 4.080-Ser-vice of Pleadings and Papers; 4.090-Time; 4.100-Pleadings and Motions; 4.110-Mo-tions; 4.200-Appointment of Counsel; 4.220-Adversarial Probable Cause Hearing; 4.240-Trial Proceedings After Finding of Probable Cause; 5 Day Status Hearing; Determination of Counsel for the Respondent; Waiver of Time Limitations; 4.260-Continuance of Trial; 4.280-General
 
 *1026
 
 Provisions Governing Discovery; 4.310-Depositions upon Oral Examination; 4.330-Use of Deposition in Court Proceedings; 4.360-Examination of the Respondent; 4.380-Failure to Make Discovery; Sanctions; 4.390-Depositions of Expert Witnesses; 4.410-Subpoena; 4.430-De-mand for Jury Trial; Waiver; 4.431-Trial by Jury; 4.440-Rules of Procedure and Evidence; 4.450-Appeal; 4.460-Post Judgment Habeas Corpus; and 4.470-Post Commitment Proceedings.
 

 The Court adopts the aforementioned rules as proposed except for rules 4.220, 4.260, 4.310, 4.380, 4.410, and 4.460, which are adopted with modification as discussed below, and declines to adopt rules 4.050 and 4.360.
 

 Rule 4.220, Adversarial Probable Cause Hearing, derives from section 394.915(2), Florida Statutes (2008), and sets forth various rights held by the respondent. If the State fails to establish probable cause at the adversarial hearing to believe that the respondent is a sexually violent predator, the court shall release the respondent from custody. The Court modifies the Committee’s proposal to include the requirement that, in addition to releasing the respondent upon a finding that the State failed to meet its burden, the court also enter an order of no probable cause.
 

 As adopted, rule 4.260, Continuance of Trial, tracks the language of section 394.916(2), Florida Statutes (2008), which provides that
 

 [t]he trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.
 

 The Court declines to dispense with the 120-day presumptive maximum length for a continuance, as proposed.
 

 Rule 4.310, Depositions Upon Oral Examination, tracks rule 1.310. The Committee anticipated by its proposal under rule 4.310(c) that depositions may be taken by telephone:
 

 The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the officer’s direction, and in the officer’s presence, record the testimony of the witness, except that when a deposition is taken by telephone, the witness shall be sworn by a person present with the witness who is qualified to administer the oath in that location.
 

 The Court therefore modifies rule 4.310(b)(4) to explicitly permit telephone depositions.
 

 Rule 4.38Q, Failure to Make Discovery; Sanctions, is modeled after rule 1.380. In adopting rule 4.380, the Court clarifies that if the deponent is a party, failure to be sworn or to answer a question after being directed to do so by the court constitutes a basis for the court to enter an order against the “disobedient party.”
 

 In proposing rule 4.410, Subpoena, the Committee opined that subpoenaing of minors does not apply under the Act. There may be circumstances, however, where a child victim could still be a minor at the time of commencement of the civil commitment proceedings. The Court therefore modifies the Committee’s proposal to include the language of rule 1.410(h), Subpoena of Minor.
 

 Rule 4.460 sets forth the procedure for a respondent under the Act to raise a claim of ineffective assistance of counsel in the civil commitment proceedings. The rule expressly provides that the habeas petition be filed in the county in which the respon
 
 *1027
 
 dent was adjudged a sexually violent predator subject to chapter 394. By its terms, the rule does not apply to habeas corpus proceedings brought under section 394.9215, Florida Statutes (2008).
 
 [2]
 
 Rule 4.460 is modified to allow a two-year period for filing a petition for writ of habeas corpus.
 

 Finally, the Court declines to adopt rules 4.050, Commencement of Action/Responsibility of Clerk to Notify Presiding Court/Probable Cause Finding, and 4.360, Examination of the Respondent.
 

 Under proposed rule 4.050, Commencement of Action/Responsibility of Clerk to Notify Presiding Court/Probable Cause Finding, any action brought under the rules for the involuntary commitment of sexually violent predators would be deemed commenced when the state attorney files a petition on behalf of the State setting forth a cause of action alleging that the respondent is in total confinement and is a sexually violent predator and stating sufficient facts to support the allegations. In addition, the respondent would be transferred to a secure facility if his or her sentence expires during the time that a petition is pending until resolution of the petition. Finally, the Committee’s proposal would have included a ten-day cure period, giving the state attorney, if a petition is denied as insufficient on its face, an opportunity to amend the petition within ten days from the date of denial. The issue of whether a respondent must be in total confinement when the petition is filed presents a substantive issue that the Court has not conclusively decided, and we decline to do so absent an actual case or controversy. Moreover, under the Act, the Legislature did not create a right to cure a deficient petition, and we will not do so as a matter of procedure.
 

 In respect to proposed rule 4.360, section 394.9155(7), Florida Statutes (2008), addresses the consequences of a respondent not permitting the State to subject him or her to a mental examination. Section 394.9155 provides in pertinent part as follows:
 

 (7) If the person who is subject to proceedings under this part refuses to be interviewed by or fully cooperate with members of the multidisciplinary team or any state mental health expert, the court may, in its discretion:
 

 (a) Order the person to allow members of the multidisciplinary team and any state mental health experts to review all mental health reports, tests, and evaluations by the person’s mental health expert or experts; or
 

 (b) Prohibit the person’s mental health experts from testifying concerning mental health tests, evaluations, or examinations of the person.
 

 § 394.9155(7), Fla. Stat. (2008).
 

 We thank the Florida Supreme Court Criminal Court Steering Committee and its subcommittee (the “Blake” committee) for its hard work and thorough recommendations. We also thank the Florida Association of Criminal Defense Lawyers and the various offices of the Public Defender, which provided the Court with valuable input.
 

 Upon consideration of the Committee’s proposals, the comments filed by the interested parties, and the representations made at oral argument in this case, we adopt the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually
 
 *1028
 
 Violent Predators as set forth in the appendix, which shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, and POLSTON, JJ., concur.
 

 PERRY, J., did not participate.
 

 APPENDIX
 

 FLORIDA RULES OF CIVIL PROCEDURE FOR INVOLUNTARY COMMITMENT OF SEXUALLY VIOLENT PREDATORS
 

 RULE 4.010. SCOPE AND TITLE OF RULES
 

 These rules shall apply to all civil actions filed in the circuit courts of the State of Florida pursuant to part V, chapter 394, Florida Statutes. These rules shall be known as the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators and abbreviated as Fla. R. Civ. P. — S.V.P.
 

 RULE 4.030. NONVERIFICATION OF PLEADINGS
 

 Every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit except when otherwise specifically provided by these rules or an applicable statute.
 

 RULE 4.040. PARTIES
 

 The State of Florida shall be the petitioner in actions brought under these rules. Any person who is alleged to be a sexually violent predator shall be designated as the respondent.
 

 RULE 4.060. VENUE AND TRANSFERS OF ACTIONS
 

 Venue for bringing a petition under Part V, chapter 894, Florida Statutes, shall be
 

 (1) in the county where the respondent was last charged and convicted of a qualifying offense; (2) if the person has never been convicted of a qualifying offense in this state but has been convicted of such an offense in another state or in federal court, in the county where the person was last convicted of any offense in this state; or (3) if the person is being confined in this state pursuant to interstate compact and has a prior or current conviction for a sexually violent offense, in the county where the person plans to reside upon release or, if no residence in this state is planned, in the county where the facility from which the person to be released is located. If it should appear at any time that the action is pending in the wrong county it may be transferred by motion of any party or on motion by the court.
 

 RULE 4.070. PROCESS
 

 (a) Issuance. The clerk of the court shall issue a summons, a copy of the petition, any accompanying affidavits, and a copy of the order finding probable cause to the respondent upon receipt of an order finding probable cause signed by a circuit judge. The summons shall direct the respondent to file an answer to the petition within ten days after the date of service. The state attorney shall serve a copy of the petition and related documents upon the attorney appointed to represent the respondent pursuant to rule 4.080. The finding of probable cause shall not become effective until the summons is returned served and filed with the clerk of the court.
 

 (b) Service; By Whom Made. The state attorney shall electronically transmit a copy of the summons, petition, any accompanying affidavits, and the order finding probable cause to the person in charge of the facility in which the respondent is confined. The person in charge of the facility shall serve a printed copy of the sum
 
 *1029
 
 mons, the petition, any accompanying affidavits, and order finding probable cause on the respondent within 24 hours after receiving it and before the respondent is transferred to a secure facility. The person in charge of the facility in which the respondent is confined shall make a return on the summons within 24 hours after making service, by electronically confirming to the state attorney that service has been made. The state attorney shall file a printed copy of the return with the clerk, along with the summons, on the first business day after receiving it. Additional process may be issued as in other civil actions.
 

 RULE 4.080. SERVICE OF PLEADINGS AND PAPERS
 

 (a) Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for a witness subpoena, shall be served on the opposing party.
 

 (b) Service of Subsequent Pleadings Other Than Original Petition; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party, or as provided in 4.070(b).
 

 (c) Service by Electronic Mail. Service by electronic mail shall be permitted if all parties or their counsel file with the clerk of the court a written agreement that such service is acceptable. The agreement shall set forth the method of service and provide e-mail addresses or facsimile numbers. The original pleadings shall be filed with the clerk with the counsel’s attestation of the time of electronic service.
 

 RULE 4.090. TIME
 

 (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run, shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
 

 (b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown, the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment.
 

 RULE 4.100. PLEADINGS AND MOTIONS
 

 (a) Pleadings. There shall be a petition and an answer to it. The answer shall set forth any affirmative defense to the petition, including the failure of the petition to state a cause of action. No other pleadings shall be allowed. All pleadings shall comply with the rules governing pleadings in other civil actions. (Rules 1.100 and 1.110, Fla. R. Civ. P.)
 

 
 *1030
 
 (b) Motions. An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing shall specify each motion or other matter to be heard.
 

 (c) Caption. Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the uniform case number, the name of the party on each side, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.
 

 RULE 4.110. MOTIONS
 

 (a) Motion for Summary Judgment. After the pleadings and discovery are closed, but within such time as not to delay the trial, any party may move for summary judgment. Summary judgment practice shall be governed by Fla. R. Civ. P. 1.510.
 

 (b) Motions to Dismiss. Motions directed to the sufficiency of the petition shall be contained in the answer as an affirmative defense.
 

 (c) Motion for More Definite Statement. A respondent may file a motion for a more definite statement which shall be considered a motion for a statement of particulars in response to the original petition. The motion shall disclose the defects in the petition.
 

 RULE 4.200. APPOINTMENT OF COUNSEL
 

 (a)Appointment of Attorney. The presiding judge shall appoint an attorney to represent the respondent at the time an order finding probable cause is entered. The appointment shall continue until the court determines whether the respondent is not entitled to court appointed counsel, private counsel represents the respondent, or the respondent waives the right to counsel. Stand-by counsel may be appointed if the respondent waives the right to counsel.
 

 (b)Waiver of Counsel. The court shall conduct a thorough inquiry as set forth in
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in the event the respondent requests self representation, and shall consider appointment of stand-by counsel if the respondent proceeds unrepresented.
 

 RULE 4.220. ADVERSARIAL PROBABLE CAUSE HEARING
 

 (a) An adversarial probable cause hearing shall be held, within 5 days after service of a demand upon the petitioner, if the court determines that the failure to begin a trial in accordance with the time provided in rule 4.240(a) is not the result of any delay caused by the respondent and the time limitation to begin the hearing has not been waived. The respondent may waive the adversarial probable cause hearing in writing or on the record in open court.
 

 (b) An adversarial probable cause hearing shall be held, within 5 days after service of a demand upon the petitioner, if the respondent’s incarcerative sentence has expired and the respondent has been transferred to the custody of the Department of Children and Family Services.
 

 (c) The court shall receive evidence, hear argument of the attorneys, and determine whether probable cause exists to believe that the person is a sexually violent predator at the adversarial probable cause hearing.
 

 
 *1031
 
 (d) At the adversarial probable cause hearing, the respondent has the right to:
 

 (1) be represented by counsel;
 

 (2) present testimony and other evidence;
 

 (3) cross-examine any witnesses who testify against the respondent; and
 

 (4) view and copy all petitions and reports in the court file.
 

 (e) The court shall issue an Order of No Probable Cause and release the respondent from custody if the evidence does not establish probable cause to believe the respondent is a sexually violent predator.
 

 RULE 4.240. TRIAL PROCEEDINGS AFTER FINDING OF PROBABLE CAUSE; 5 DAY STATUS HEARING; DETERMINATION OF COUNSEL FOR THE RESPONDENT; WAIVER OF TIME LIMITATIONS
 

 (a)The court shall conduct a status hearing within 5 days after the summons is served. At the hearing, the court shall determine if the respondent is entitled to court appointed counsel, and appoint counsel if the respondent requests it. The respondent shall be given a reasonable time to obtain private counsel if time is requested for that purpose. A
 
 Faretta
 
 inquiry shall be conducted if the respondent elects self representation. The trial to determine if the respondent is a sexually violent predator shall be commenced within 30 days after the summons has been returned served and filed with the clerk of the court, unless the respondent waives the 30 day time period in writing, with a copy to the assigned judge, or on the record in open court. The court shall set a trial date not less than 90 days after the date of the waiver of the 30 day period. Further continuances shall be allowed only on good cause shown. A future trial date shall be set if a further continuance is allowed.
 

 (b) The trial shall be to the court without a jury unless the state attorney or the respondent files a demand for jury trial in accordance with rule 4.430.
 

 (c) The burden of proof for the judge or jury to determine if the respondent is a sexually violent predator is clear and convincing evidence.
 

 (d) The court shall enter final judgment for the petitioner if the jury unanimously finds the respondent to be a sexually violent predator.
 

 (e) The court shall declare a mistrial if the jury cannot reach a unanimous verdict. The court shall poll the jury before it is discharged to determine if at least four jurors would have found the respondent to be a sexually violent predator.
 

 (1) A re-trial shall be scheduled if at least four jurors would have found the respondent to be a sexually violent predator. The re-trial on the petition must commence within 90 days after the date of the mistrial, unless the case is continued at the request of the respondent for good cause. The court shall enter final judgment for the respondent if the re-trial is not commenced within 90 days from the date of the mistrial unless the respondent has waived the time limit by receiving a continuance.
 

 (2) If three or more jurors do not find that the respondent is a sexually violent predator, the court shall enter a final judgment in favor of the respondent.
 

 RULE 4.260. CONTINUANCE OF TRIAL
 

 A motion for continuance by either party shall be in writing unless made in a hearing in open court and shall be signed by the party or attorney requesting the continuance. The motion shall state all of the facts that the movant contends entitles the
 
 *1032
 
 movant to a continuance. If a continuance is sought on the ground of non-availability of a witness, the motion must show when the witness will be available. The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur. Continuances should only be ordered upon a showing of good cause. A motion for continuance on behalf of the respondent shall state that the respondent has been advised of all consequences of the request and of any rights waived by the motion.
 

 RULE 4.280. GENERAL PROVISIONS GOVERNING DISCOVERY
 

 (a) Discovery methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination; production of documents or things for inspection and other purposes; and physical and mental examinations.
 

 (b) Scope of Discoveiy. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
 

 (1)In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
 

 (2) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(1) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation for trial only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative
 
 of
 
 a party concerning the litigation.
 

 (3) Trial Preparation.
 

 (A)(i) The state attorney bringing the action shall disclose the names and addresses of all witnesses to be called by the petitioner to testify at trial at the time of the filing of the petition. The respondent shall disclose the names and addresses of all witnesses to be called by the respondent at trial at the time of filing the answer to the petition. The list of witnesses may be amended without leave of court until ten days prior to trial. Thereafter, the witness lists may be amended by leave of court.
 

 (ii) The witness list shall include the names and addresses of expert witnesses. A copy of all reports made by experts shall be disclosed as soon as they are received. An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject
 
 *1033
 
 to such restrictions as to scope and other provisions pursuant to subdivision (b)(1) of this rule concerning fees and expenses as the court may deem appropriate.
 

 (iii) The state attorney shall provide the respondent with copies of case reports, depositions, witness statements and other records regarding the respondent’s prior criminal history and confinement, and any other document or material reviewed and relied upon by the multidisciplinary team in evaluating the respondent, within ten days after the summons has been returned served and filed with the clerk of the court.
 

 (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial, and who is not expected to be called as a witness at trial, only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
 

 (C) Expert witnesses shall be paid a reasonable fee for time spent responding to discovery under subdivision (b)(3)(A) and (b)(3)(B) of this rule unless a manifest injustice would result. Respondents who are not indigent may be required to pay for discovery obtained under (b)(3)(A) and shall be responsible for discovery obtained under (b)(3)(B). The state attorney and indigent respondents shall apply for compensation for experts in the manner prescribed by law.
 

 (4)Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Attorney work product claims and preparation for trial privilege claims shall be allowed.
 

 (c) Protective Orders. Upon motion by a party, or by the person from whom discovery is sought, and for good cause shown, the court may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following:
 

 (1) the discovery not be had;
 

 (2) the discovery may be had only on specified terms and conditions, including a designation of the time or place;
 

 (3) the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
 

 (4) certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
 

 (5) the discovery be conducted with no one present except persons designated by the court;
 

 (6) a deposition after being sealed be opened only by order of the court; and
 

 (7) the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.
 

 (d) Sequence and Timing of Discovery. Except as provided in subdivision (b)(1) or unless the court upon motion for
 
 *1034
 
 the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party’s discovery.
 

 (e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under a continuing duty to supplement the response to include information thereafter acquired. This provision shall apply to the reciprocal discovery obligation of the petitioner and the respondent to reveal witnesses’ names and addresses on a continuing basis. The court shall inquire into all claims of failure to disclose and rule appropriately as to duties to disclose and as to sanctions.
 

 RULE 4.310. DEPOSITIONS UPON ORAL EXAMINATION
 

 (a) When Depositions May Be Taken. Any party may take the testimony of any person, including the respondent, by deposition upon oral examination after the action is commenced. The attendance of witnesses may be compelled by subpoena as provided in Fla. R. Civ. P. 1.410. The deposition of a person in custody, except the respondent, may be taken only by leave of court on such terms as the court prescribes.
 

 (b) Notice; Method of Taking; Production at Deposition.
 

 (1)A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
 

 (2) For cause shown, the court may enlarge or shorten the time for taking the deposition.
 

 (3) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
 

 (4) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party’s own initial expense.
 

 (A) Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.
 

 (B) Stenographer. Videotaped depositions shall also be recorded stenographi-cally, unless all parties agree otherwise.
 

 (C) Procedure. At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.
 

 (D) Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the -videotape, shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the party requesting the copy.
 

 (E) Cost of Videotaped Depositions. The party requesting the videotaping shall bear the initial cost of videotaping.
 

 
 *1035
 
 (c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the officer’s direction, and in the officer’s presence, record the testimony of the witness, except that when a deposition is taken by telephone, the witness shall be sworn by a person present with the witness who is qualified to administer the oath in that location. The testimony shall be taken stenographieally or recorded by any means ordered in accordance with subdivision (b). If requested by one of the parties, the testimony shall be transcribed at the initial cost of the requesting party and prompt notice of the request shall be given to all other parties. All objections made at the time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings shall be noted by the officer upon the deposition. Any objection during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to shall be taken subject to the objections.
 

 (d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 4.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 4.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or the deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
 

 (e)Witness Review. A transcript of the testimony shall be furnished to the witness for examination and shall be read to or by the witness unless the witness cannot be found or the examination and reading are waived by the witness and the parties. Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall then be signed by the witness unless the parties waived the signing or the witness refuses to sign. Transcripts that are not signed by the witness after being made available for a reasonable time shall be signed by the officer, who shall state on the transcript the reason why the witness did not sign it, such as waiver, illness, absence, or refusal to sign. The deposition may then be used as fully as though signed unless a motion to suppress the deposition, or part of it, is made with reasonable promptness after the defect is, or with due diligence might have been, discovered and the court holds that the reasons given for the refusal to sign re
 
 *1036
 
 quire rejection of the deposition wholly or partly.
 

 (f) Piling; Exhibits.
 

 (1) If the deposition is transcribed, the officer shall certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the deposition shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
 

 (2) The officer shall furnish a copy of the deposition to any party, or to the deponent, upon payment of reasonable charges. The cost of transcripts ordered by the state attorney or an indigent respondent shall be paid in the manner prescribed by law.
 

 (3) A copy of a deposition may be filed only under the following circumstances:
 

 (A) It may be filed by a party or the witness, when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing on the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
 

 (B) The court may order a copy of the deposition be filed by any party if the deposition is necessary to decide a matter pending before the court.
 

 (g) Obtaining Copies. A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies shall be paid to the person by the requesting party or witness.
 

 RULE 4.330. USE OF DEPOSITION IN COURT PROCEEDINGS
 

 (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
 

 (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness or for any purpose permitted by the Florida Evidence Code.
 

 (2) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
 

 (A) the witness is dead;
 

 (B) the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition;
 

 
 *1037
 
 (C) the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment;
 

 (D) the party offering the deposition has been unable to procure the attendance of the witness by subpoena;
 

 (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or
 

 (F) the witness is an expert or skilled witness.
 

 (3) If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
 

 (b) Objections to Admissibility. Subject to the provisions of rule 4.310(c), objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.
 

 (c) Effect of Taking or Using Depositions. A party does not make a person the party’s own witness for any purpose by taking the person’s deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition under subdivision (a) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by that party or by any other party.
 

 (d)Effect of Errors and Irregularities.
 

 (1) As to Notice. All errors and irregularities in the notice for taking deposition are waived unless a written objection is promptly served upon the party giving the notice.
 

 (2) As to Disqualification of Officer. Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless the objection is made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
 

 RULE 4.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
 

 (a) Motion for Order Compelling Discovery. A party may apply for an order compelling discovery upon reasonable notice to the other party and all persons affected, as follows:
 

 (1) Motion. If a deponent fails to answer a question propounded or submitted under rule 4.310, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in that party’s custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. The motion must include a certification that the movant, in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may
 
 *1038
 
 make such protective order as it would have been empowered to make on a motion made pursuant to rule 4.280(c).
 

 (2)Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
 

 (b)Failure to Comply with Order.
 

 If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court, or, if the deponent is a party, the court may enter any of the following orders:
 

 (1) an order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 

 (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
 

 (3) an order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party;
 

 (4) instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to rule 4.360(b)(2); or
 

 (5) an order imposing the sanctions listed in paragraph (1), (2), or (3) of this subdivision if the respondent fails to submit to an examination as ordered.
 

 RULE 4.390. DEPOSITIONS OF EXPERT WITNESSES
 

 (a) Definition. The term “expert witness” as used herein applies exclusively to a person duly and regularly engaged in the practice of a profession who holds a professional degree from a university or college and has had special professional training and experience, or one possessed of special knowledge or skill about the subject upon which called to testify.
 

 (b) Procedure. The testimony of an expert or skilled witness may be taken at any time before the trial in accordance with the rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether the witness is within the distance prescribed by rule 4.330(a)(2)(B). No special form of notice need be given that the deposition will be used for trial.
 

 (c) Fee. An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine. The court shall also determine a reasonable time within which payment must be made, if the deponent and party cannot agree. All parties and the deponent shall be served with notice of any hearing to determine the fee.
 

 (d) Applicability. Nothing in this rule shall prevent the taking of any deposition as otherwise provided by law.
 

 RULE 4.410. SUBPOENA
 

 (a) Subpoena Generally. Subpoenas for testimony before the court, subpoenas for production of tangible evidence, and subpoenas for taking depositions may be issued by the clerk of court or by any attorney of record in an action.
 

 (b) Subpoena for Testimony before the Court. Every subpoena for testimony before the court shall be issued by an attorney of record in an action or by the clerk under the seal of the court and shall
 
 *1039
 
 state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place specified in it. On oral request of an attorney or party and without praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena shall be filled in before service by the attorney or party.
 

 (c) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may:
 

 (1) quash or modify the subpoena if it is unreasonable and oppressive, or
 

 (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 4.070(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
 

 (d) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made as provided by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
 

 (e) Subpoena for Taking Depositions.
 

 (1) Filing a notice to take a deposition as provided in rule 4.310(b) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 4.280(b), but in that event the subpoena will be subject to the provisions of rule 4.280(c) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.
 

 (2) A person may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.
 

 (f) Contempt. Failure by any person without adequate excuse to obey a subpoe
 
 *1040
 
 na served upon that person may be deemed contempt of the court from which the subpoena issued.
 

 (g) Subpoena of Minor. Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
 

 RULE 4.430. DEMAND FOR JURY TRIAL; WAIVER
 

 (a) Right Preserved. The right of trial by jury as declared by the constitution or by statute shall be preserved to the parties inviolate.
 

 (b) Waiver of Jury Trial; Demand. The trial shall be before the court without a jury unless the petitioner files a demand for jury trial with the petition or the respondent files such a demand with the answer.
 

 (c) Late Demand for Jury Trial. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion.
 

 RULE 4.431. TRIAL BY JURY
 

 (a) Number of Jurors.
 

 (1) The jury shall be composed of six persons.
 

 (2) The court may direct that 1 or more jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors shall replace jurors who have become unable or disqualified to perform their duties, in the order in which they are called, before the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider the verdict.
 

 (3)If alternate jurors are called, each party shall be entitled to one peremptory challenge in the selection of each alternate juror. Additional peremptory challenges allowed pursuant to this subdivision may be used only against the alternate jurors. The peremptory challenges allowed pursuant to subdivision (d) of this rule shall not be used against the alternate jurors.
 

 (b) Questionnaire. The circuit court may require prospective jurors to complete a questionnaire in the form approved by the Supreme Court of Florida to assist in selecting prospective jurors. The questionnaire shall be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box.
 

 (c) Examination by Parties. The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved.
 

 (d) Juror List. Upon request, any party shall be furnished by the clerk of the court with a list containing names and addresses of prospective jurors summoned to try the case together with copies of all jury ques
 
 *1041
 
 tionnaires returned by the prospective jurors.
 

 (e) Challenge to the Panel. The state or defendant may challenge the panel. A challenge to the panel may be made only on the ground that the prospective jurors were not selected or drawn according to law. Challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court. A challenge to the panel shall be in writing and shall specify the facts constituting the ground of the challenge. Challenges to the panel shall be tried by the court. Upon the trial of a challenge to the panel the witnesses may be examined on oath by the court and may be so examined by either party. If the challenge to the panel is sustained, the court shall discharge the panel. If the challenge is not sustained, the individual jurors shall be called.
 

 (f) Oath for Voir Dire. The prospective jurors shall be sworn collectively or individually, as the court may decide. The form of oath shall be as follows:
 

 “Do your solemnly swear (or affirm) that you will answer truthfully all questions asked of you as prospective jurors, so help you God?”
 

 If any prospective juror affirms, the clause “so help you God” shall be omitted.
 

 (g) Examination. The court may then examine each prospective juror individually or may examine the prospective jurors collectively. Counsel for both the state and defendant shall have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The right of the parties to conduct an examination of each juror orally shall be preserved.
 

 (h) Prospective Jurors Excused. If, after the examination of any prospective juror, the court is of the opinion that the juror is not qualified to serve as a trial juror, the court shall excuse the juror from the trial of the cause. If, however, the court does not excuse the juror, either party may then challenge the juror, as provided by law or by these rules.
 

 (i) Time for Challenge. The state or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit a challenge to be made after the juror is sworn, but before any evidence is presented.
 

 (j) Exercise of Challenge. On the motion of any party, all challenges shall be addressed to the court outside the hearing of the jury panel in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court’s ruling on the challenge, if for cause.
 

 (k) Manner of Challenge. A challenge to an individual juror may be oral. When a juror is challenged for cause the ground of the challenge shall be stated.
 

 (l)
 
 Determination of Challenge for Cause. The court shall determine the validity of a challenge of an individual juror for cause. In making such determination the juror challenged and any other material witnesses, produced by the parties, may be examined on oath by either party. The court may consider also any other evidence material to such challenge
 

 (m) Number of Challenges. Each party shall be allowed three peremptory challenges.
 

 (n) Alternate Jurors. If 1 or 2 alternate jurors are called, each party is entitled to 1 peremptory challenge, in addition to those otherwise allowed by law, for each
 
 *1042
 
 alternate juror so called. The additional peremptory challenge may be used only against the alternate juror and the other peremptory challenges allowed by law shall not be used against the alternate juror.
 

 (o) Additional Challenges. The trial judge may exercise discretion to allow additional peremptory challenges when appropriate.
 

 (p) Oath of Trial Jurors. The following oath shall be administered to the jurors:
 

 “Do you solemnly swear (or affirm) that you will well and truly try the issues between the State of Florida and the respondent and render a true verdict according to the law and the evidence, so help you God?”
 

 If any juror affirms, the clause “so help you God” shall be omitted.
 

 (q) Interview of a Juror. A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.
 

 RULE 4.440. RULES OF PROCEDURE AND EVIDENCE
 

 (a)In all commitment proceedings initiated under part V, chapter 394 Florida Statutes and this rule, the following applies:
 

 (1) The Florida Rules of Civil Procedure apply unless otherwise superseded by these rules.
 

 (2) The Florida Rules of Evidence apply unless superseded by these rules.
 

 (3) The psychotherapist-patient privilege under section 90.503, Florida Statutes, does not apply to any communication relevant to an issue pertaining to an involuntary civil commitment proceeding.
 

 (4) Evidence of prior behavior by the person subject to the proceedings, if relevant to prove the person is a sexually violent predator, may be considered by the judge or jury.
 

 (5) Hearsay evidence, including reports of the multidisciplinary team or reports prepared on behalf of the multidisciplinary team, is admissible unless the trial judge finds that the evidence is not reliable. However, hearsay evidence may not serve as the sole basis for the involuntary civil commitment of a person subject to the proceedings.
 

 (b) No rule adopted by the Department of Children and Family Services pursuant to section 394.930, Florida Statutes, as amended, shall constitute (1) an evidentia-ry predicate for the admission of any testimony of physical evidence; (2) a basis for excluding or limiting the presentation of any testimony or physical evidence; or (3) elements of the cause of action the state must allege or prove, in any proceeding initiated under part V, chapter 394 Florida Statutes, and these rules.
 

 (c) The failure of either party to comply with these rules does not constitute a defense in any proceedings initiated under part V, chapter 394, Florida Statutes.
 

 
 *1043
 
 RULE 4.450. APPEAL
 

 (a) An appeal to review a final judgment shall be pursuant Rule 9.110, Florida Rules of Appellate Procedure, as amended.
 

 (b) An indigent respondent who requests the appointment of counsel for appeal must file an affidavit to establish entitlement to the appointment. The public defender of the circuit in which the respondent was determined to be a sexually violent predator shall be appointed to represent an indigent respondent on appeal. The public defender may request the public defender who handles criminal appeals to represent a respondent as provided in section 27.51(4), Florida Statutes.
 

 RULE 4.460. POST JUDGMENT HA-BEAS CORPUS
 

 The respondent may file a petition for habeas corpus alleging ineffective assistance of counsel in the county in which the judgment was rendered within two years after the judgment becomes final. All other habeas corpus petitions, including petitions filed pursuant to section 394.9215(l)(a), Florida Statutes, must be filed in the county where the facility in which the petitioner is confined is located. Habeas corpus proceedings brought under this rule shall be governed by Fla. R.Crim. P. 3.850.
 

 RULE 4.470. POST COMMITMENT PROCEEDINGS
 

 (a) A respondent committed after a trial shall be entitled to examination of his or her mental condition at least one time each year. Examinations may be ordered more frequently at the discretion of the court.
 

 (b) The respondent may retain, or if indigent, the court may appoint, a qualified professional to conduct the examination. The examiner shall be given access to all records concerning the respondent.
 

 (c) The report stating the result of any examination conducted pursuant to paragraph (a) or (b) shall be provided to the court for review.
 

 (d) A respondent who receives written notice of the examination, and waives his or her rights to confidentiality of the result, and who petitions the court over the objection of the director of the facility where the respondent is housed, has the right to a hearing limited to determining whether probable cause exists to believe the respondent’s condition has so changed, that it is safe for the respondent to be at large, and that the respondent will not engage in acts of sexual violence if discharged. The respondent has the right to be represented by retained counsel but does not have the right to be present at the hearing.
 

 (e) If it is determined that there is sufficient probable cause to believe it is safe to release the person, the court shall set the petition for a non-jury trial.
 

 (f) The state attorney shall have the right to have the person examined by a professional chosen by the state prior to the trial.
 

 (g) The burden is on the state to prove, by clear and convincing evidence, that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.
 

 (h) At the conclusion of any trial conducted under this rule, the judge shall enter an appropriate final judgment which shall be appealable pursuant to the applicable Rules of Appellate Procedure.
 

 [1]
 

 . The Legislature, in Chapter 99-222, Laws of Florida, renumbered sections 916.30 through 916.49, Florida Statutes, as sections 394.910 through 394.930. In Chapter 99-222, Section 1, Laws of Florida, the Legislature removed reference to “Jimmy Ryce” in the title of the act.
 

 [2]
 

 . Section 394.9215(l)(a) permits the filing of a habeas petition upon allegations that the person’s confinement violates a statutory right under state law or a constitutional right under the state or federal constitutions, or that the facility in which the person is confined is not an appropriate secure facility, as the term is used in section 394.915.