GERBER, J.
 

 The appellant appeals the circuit court’s order committing him as a sexually violent predator pursuant to the Jimmy Ryce Act, section 394.910 et seq., Florida Statutes (2009). The appellant primarily argues that the circuit court denied him due process by compelling him to go to trial without any notice of the trial date. The record supports the appellant’s argument. Therefore, we reverse and remand for a new trial.
 

 On September 14, 2009, near the end of the appellant’s prison sentence, the state filed a petition seeking to have the appellant committed as a sexually violent predator. On September 15, 2009, the circuit court determined that probable cause existed to believe the appellant is a sexually violent predator. The court ordered the state to have the appellant immediately transferred from state prison to the county jail for a September 25, 2009 status hearing.
 

 On September 24, 2009, the state filed with clerk the summons notifying the appellant of the petition. At the September 25, 2009 status hearing, the appellant requested to represent himself. The court conducted a
 
 Faretta
 
 inquiry and found that the appellant could represent himself.
 
 *1254
 
 The court then announced that the trial would occur on October 19, 2009.
 

 On October 5, 2009, two weeks before the scheduled trial date, the appellant was transported to court. The court announced:
 

 When [the appellant] was in court on September 25th, the case was set for October 19th. On September 25th, after court, the case was reset for trial today, October 5th.
 
 Unfortunately, the elerk did not send copies of that notice to [the appellant],
 

 (emphasis added). The court added that the trial was reset due to the “statutory guidelines” and “needs to be tried this week.” The following exchange then occurred between the appellant and the court:
 

 APPELLANT: I’d like to place an objection on the record. I didn’t have enough time. I’m trying to get my evidence together for this trial and I just found out through no mistake of my own the trial has been set for October 5th and I’m preparing for October 19th. I’ve got evidence I’m trying to get myself.
 

 THE COURT: All right. Well, if you’re not ready to go to trial, sir—
 

 APPELLANT: I’m not waiving my speedy trial right.
 

 THE COURT: Well, then you’re going to trial.... By statute these particular proceedings need to be done in a certain fashion in a time period. So, you can either waive that time period, which if you’d like to do—
 

 APPELLANT: I’m not waiving the speedy trial.
 

 THE COURT: You’re not waiving that. All right.
 

 The court then directed the clerk to give questionnaires to prospective jurors waiting in the jury room so that jury selection and the trial could commence the following morning. The trial indeed commenced the following morning. After two days of trial, the jury returned a verdict finding that appellant is a sexually violent predator. The court entered a final judgment committing the appellant as a sexually violent predator.
 

 The appellant then filed this appeal. He primarily argues that the circuit court denied him due process by compelling him to go to trial without any notice that the court reset the trial for October 5th.
 

 We agree with this argument. “Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.”
 
 N.C. v. Anderson,
 
 882 So.2d 990, 993 (Fla.2004) (citation omitted). “ ‘[T]he specific parameters of the notice and the opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding.’ ”
 
 Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc.,
 
 3 So.3d 1220, 1236 (Fla.2009) (citation omitted).
 

 In this proceeding, the appellant was not given any notice of the October 5th trial date until he walked into court that day. It is not relevant that the clerk’s inadvertence caused the lack of notice or that jury selection and testimony did not commence until the following day. Going to trial without notice deprived the appellant of a meaningful opportunity to be heard. Because the appellant did not receive either reasonable notice or a meaningful opportunity to be heard, he was denied procedural due process.
 

 The circuit court’s inquiry of the appellant as to whether he wanted to waive the time period for trial was unnecessary for two reasons. First, the court mistakenly believed that due to “statutory guidelines” the case “needs to be tried this
 
 *1255
 
 week.” We presume that the “statutory guidelines” to which court was referring was section 394.916(1), Florida Statutes (2009), which states: “Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.” However, section 394.916(1) no longer sets the date by which trial is to commence. On July 9, 2009, our supreme court adopted the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators.
 
 In
 
 re
 
 Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators,
 
 13 So.3d 1025, 1027-28 (Fla.2009). Among those rules was rule 4.240(a), which states, in pertinent part: “The trial to determine if the respondent is a sexually violent predator shall be commenced
 
 within 30 days after the summons has been returned served and filed with the clerk of the court.”
 
 (emphasis added). Because rule 4.240 conflicts with section 394.916(1) as to the date by which trial is to commence, the rule controls.
 
 See Massey v. David,
 
 979 So.2d 931, 937 (Fla.2008) (where the supreme court promulgates rules which relate to practice and procedure, and a statute provides a contrary practice or procedure, the rule controls to the extent of the conflict). Applying rule 4.240 here, the thirtieth day after the summons was served and filed was Saturday, October 24, 2009, meaning that the rule did not require the circuit court to commence trial until Monday, October 26, 2009.
 
 See
 
 Fla. R. Civ. P.-S.V.P. 4.090(a) (2009) (“The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday.”). Thus, the court could have maintained the original October 19, 2009 trial date.
 

 Second, the time periods set forth in the Jimmy Ryce Act and the new rules of procedure are unrelated to the constitutional right to a speedy trial. Under both the Act and the rules, a court can continue a trial “on its own motion in the interests of justice, when the person will not be substantially prejudiced.” § 394.916(2), Fla. Stat. (2009); Fla. R. Civ. P.-S.V.P. 4.260 (2009). Thus, rather than asking the appellant to waive the time period for trial, the court simply could have continued the trial on its own motion to give the appellant the time originally allowed to him to prepare for trial.
 

 Based on the foregoing, we reverse the final judgment committing the appellant as a sexually violent predator and remand for a new trial on the state’s petition. Consistent with rule 4.240(a), we direct the circuit court to conduct a status hearing within five days after our mandate issues. The trial to determine if the appellant is a sexually violent predator shall be commenced within thirty days after our mandate issues, unless that period is waived or continued pursuant to the new rules of civil procedure for involuntary commitment of sexually violent predators. For the circuit court’s and the parties’ guidance in the new trial, we find that points two, three, and four which the appellant has raised in this appeal are without merit.
 

 Reversed and remanded.
 

 TAYLOR, J., and PEGG, ROBERT L., Associate Judge concur.