# Third District Court of Appeal

## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1869
Lower Tribunal Nos. F88-18402, F85-27788 & 04-21999-CA-01
_____

**Aaron Shaw,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Aaron Shaw, in proper person.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and LOBREE, JJ.

LOBREE, J.

Aaron Shaw appeals the trial court's order treating his motion to vacate

his civil commitment or alternative petition for writ of habeas corpus for release from custody of the Florida Department of Children and Family Services as a motion for postconviction relief and denying the motion as time barred under Florida Rule of Criminal Procedure 3.850(b). We reverse the denial of the petition with directions that it be transferred to the circuit court in the county where the facility in which Shaw is confined is located.

## BACKGROUND

On February 4, 1986, Shaw entered a plea of guilty to sexual battery in lower tribunal case number F85-27788. He was sentenced to two and a half years in a youthful offender facility. Thereafter, Shaw was found guilty of kidnapping and sexual battery with force in lower tribunal case number F88-18402. Following direct appeal, his sentence was corrected to seventeen years in prison. See Shaw v. State, 586 So. 2d 1276 (Fla. 3d DCA 1991).

On October 19, 2004, in lower tribunal case number 04-21999-CA-01, the State filed a petition for involuntary civil commitment of Shaw as a sexually violent predator. The trial court found probable cause and the civil commitment proceedings proceeded to trial. In 2007, after a jury trial, the jury was unable to return a unanimous verdict.

The State filed another petition in November 2007. Probable cause

was found.  On May 5, 2008, after a jury trial, Shaw was committed to the custody of the Florida Department of Children and Family Services as a sexually violent predator.  His commitment was affirmed on direct appeal.  Shaw v. State, 36 So. 3d 108 (Fla. 3d DCA 2010) (table).

Almost thirteen years later, in March 2023, Shaw filed his motion to vacate civil commitment or alternative petition for habeas corpus in the trial court, contending that commencement of his civil commitment proceedings was barred by the controlling statutory limitations of section 95.11, Florida Statutes.  The State responded to the motion/petition, noting that proceedings regarding the involuntary commitment of sexually violent predators are governed by a specific set of rules, "Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators."  See In re Fla. Rules of Civ. Proc. for Involuntary Commitment of Sexually Violent Predators, 13 So. 3d 1025 (Fla. 2009).  While the State recognized that Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators 4.460 allows a committed individual to file a petition for habeas corpus alleging ineffective assistance of counsel in the county in which the judgment was rendered within two years after the judgment becomes final, it then argued that the petition should be denied as untimely under rule 3.850, and also contended that the issues raised could have been

3

raised in a prior timely motion or in Shaw's direct appeal. The trial court denied the motion as untimely. This appeal follows.

## ANALYSIS

The State correctly argued below that rule 4.460 governs post judgment habeas corpus petitions. The rule provides:

> The respondent may file a petition for habeas corpus alleging ineffective assistance of counsel in the county in which the judgment was rendered within two years after the judgment becomes final. ***All other habeas corpus petitions, including petitions filed pursuant to Section 394.9215(1)(a), Florida Statutes, must be filed in the county where the facility in which the petitioner is confined is located.*** *Habeas corpus proceedings brought under this rule shall be governed by Fla. R. Crim. P. 3.850.*

Fla. R. Civ. P.–S.V.P. 4.460 (2023) (emphasis added).[1] As the trial court is not located in the county where Shaw is confined at the Florida Civil Commitment Center in Arcadia, Florida, it lacked authority to deny the motion/petition on review.

Accordingly, we decline to reach the merits and reverse the order denying the petition for writ of habeas corpus and remand with directions that it be transferred to the Circuit Court of the Twelfth Judicial Circuit, in and for

---

[1] We note that the non-bold, italicized language in the rule was relocated to Fla. R. Civ. P.–S.V.P. 4.440(a)(2) in 2024. See In re Amends. to Fla. Rules of Civ. Proc. for Involuntary Commitment of Sexually Violent Predators, 369 So. 3d 179, 200 (Fla. 2023).

DeSoto County, Florida, for consideration as a petition for habeas corpus pursuant to rules 4.460 and 4.440(a)(2). <u>See generally</u> <u>Snipes v. Florida Dep't of Child. & Families</u>, SC20-1303, 2020 WL 7330057, at *1 (Fla. Dec. 14, 2020).[2]

Reversed and remanded with directions.

---

[2] We note that the Florida Supreme Court in <u>Baker v. State</u>, 878 So. 2d 1236, 1246 (Fla. 2004), concluded that habeas corpus petitions by non-capital defendants should be dismissed as unauthorized when the petitioner seeks "the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief that were known or should have been known at the time the first motion was filed." <u>See also</u> <u>Zuluaga v. State, Dep't of Corr.</u>, 32 So. 3d 674, 677 (Fla. 1st DCA 2010) (concluding that dismissal, rather than transfer, of procedurally barred petition for writ of habeas corpus is appropriate). Here, however, the trial court neither transferred nor dismissed the petition, instead the trial court denied it outright. This was error. <u>See</u> <u>Peoples v. State</u>, 260 So. 3d 365, 367 (Fla. 3d DCA 2018) ("Once the lower court determined (correctly) that the petition was a collateral attack on a judgment and sentence imposed by the circuit court in Hillsborough County, it was without jurisdiction to address the merits of the petition, and should have dismissed the petition without prejudice to refiling it in the court having jurisdiction, or transferred the petition to that court.").