830 So.2d 832 (2002)
STATE of Florida, Petitioner,
v.
Kevin KINDER, Respondent.
No. SC01-37.
Supreme Court of Florida.
October 17, 2002.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, Miami, FL, for Petitioner.
Julianne M. Holt, Public Defender, and Jeanine Cohen and John Skye, Assistant Public Defenders, Thirteenth Judicial Circuit, Tampa, FL, for Respondent.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question of great public importance:
WHETHER THE FAILURE TO COMMENCE A COMMITMENT TRIAL WITHIN THE 30-DAY PERIOD OF SECTION 394.916(1), FLORIDA STATUTES (1999), ABSENT A PRIOR CONTINUANCE FOR GOOD CAUSE, AUTHORIZES THE RELEASE OF THE DETAINED INDIVIDUAL, WHEN THE COMMITMENT CASE HAS NOT BEEN DISMISSED, AND THE TRIAL COURT HAS PREVIOUSLY MADE AN EX PARTE DETERMINATION THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT THE INDIVIDUAL IS A SEXUALLY VIOLENT PREDATOR IN NEED OF COMMITMENT.
Kinder v. State, 779 So.2d 512, 515-16 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We have answered the certified question in State v. Goode, 830 So.2d 817 (Fla. 2002), and we approve the Second District's holding herein that the time provisions of section 394.916(1) of the Jimmy Ryce Act (the Ryce Act), are mandatory unless a continuance is granted for good cause.
Section 394.915(5), Florida Statutes (1999), requires that a person under indefinite detention and awaiting a civil commitment trial be detained without the opportunity for pretrial release even where the person's sentence of imprisonment has expired. The defendant in this case was "detained for forty-four days beyond the *833 expiration of his prison sentence based upon an ex parte probable cause determination without being served with the commitment petition, brought to court, or offered counsel." See id. at 515.[1] Further, the decision below indicates that although the commitment proceedings in the trial court were not stayed during the defendant's appeal, the "State did not proceed to trial until ... some eleven months after the ex parte probable cause hearing that resulted in Kinder's confinement." Id. at 513.
In State v. Goode, 830 So.2d 817 (Fla. 2002), we held that the thirty-day time period provided for trial in section 394.916(1), although not jurisdictional, is mandatory and, if there has not been a prior continuance for good cause granted pursuant to section 394.916(2), commitment proceedings should be dismissed. Thus, after the time period in section 394.916(1) has run, trial is no longer pending and section 394.915(5) no longer requires the defendant to be detained pending trial.
In Goode, we recognized that in situations where detainees' criminal sentences have expired, the Legislature, for obvious and important constitutional concerns, intended to ensure that commitment trials occur without delay, and, in order to do so, provided for a prompt trial schedule. As the Second District explained in the decision below:
Under the Act, once a commitment petition is filed and probable cause is found to exist, the detainee is required to be held without possibility of release until he or she is brought to trial. See § 394.915(5), Fla. Stat. (1999). The only limit placed upon this detention is the statutory provision providing that a detainee be brought to trial within thirty days of his or her initial detention. Moreover, although section 394.916, Florida Statutes (1999), allows for the thirty-day period to be continued, it also provides that such continuance may only be granted when the detainee will not be substantially prejudiced by it. See § 394.916(2). We conclude that the intent of the legislature in enacting the thirty-day time limit was to ensure that detainees be brought to trial without undue delay. Therefore, we also conclude that the thirty-day time limit is mandatory.
Kinder v. State, 779 So.2d at 514-15 (emphasis added). In Goode we approved this analysis and conclusion.
In Goode we concluded that the Legislature did not intend the thirty-day time period explicitly set out in the statute to be merely a "suggested" practice, particularly when, as illustrated by this case, failure to comply with the time limit may mean a *834 person can be detained for months or years on end without trial based on an ex parte proceeding. This Court can think of no other context, civil or criminal, that would allow an individual to be detained indefinitely based on a probable cause determination where the individual had no right to appear. Such a practice is directly contrary to fundamental principles of due process set out in our federal and state constitutions.
Accordingly, we answer the certified question in the affirmative and approve the Second District's decision herein.
It is so ordered.
ANSTEAD, C.J., and SHAW, PARIENTE, LEWIS, and QUINCE, JJ., concur.
HARDING, Senior Justice, dissents with an opinion, in which WELLS, J., concurs.
HARDING, Senior Justice, dissenting.
I dissent for the reasons stated in my dissenting opinion in State v. Goode, 830 So.2d 817 (Fla. 2002).
WELLS, J., concurs.
NOTES
[1] In Goode, we recognized that there are constitutional concerns involving the delay in appointing counsel in Ryce Act cases. It is unclear under the Ryce Act when a potential sexually violent predator is to be appointed counsel. The Ryce Act simply states that counsel should be provided at all adversarial proceedings under the act, but does not list any time limit for appointment of counsel. See § 394.916(3), Fla. Stat. (2001). For the appointment of counsel to be meaningful, it would have to occur prior to or early in the thirty-day time period for bringing the case to adjudication. See, e.g., Meadows v. Krischer, 763 So.2d 1087, 1091 n. 5 (Fla. 4th DCA 1999) (expressing concern over the late appointment of counsel in a Ryce Act commitment and holding that at a minimum, detainees should be advised of the right to appointed counsel when served with the order or warrant for custodial detention).

By way of comparison, the Florida Baker Act, also allowing for the involuntary commitment of the mentally ill, requires the court to appoint counsel within one working day after the filing of a petition for involuntary placement. See § 394.467(4), Fla. Stat. (2001).