907 So.2d 505 (2005)
Stephen Lloyd OSBORNE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-973.
Supreme Court of Florida.
May 12, 2005.
Rehearing Denied July 6, 2005.
*506 James Russo, Public Defender, and Blaise Trettis, Assistant Public Defender, Viera, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, and Richard L. Polin, Bureau Chief, Criminal Appeals, Miami, FL, for Respondent.
PER CURIAM.
We have for review State v. Osborne, 781 So.2d 1137 (Fla. 5th DCA 2001), disapproved of in part by State v. Goode, 830 So.2d 817 (Fla.2002), which is in express and direct conflict with this Court's opinion in State v. Goode, 830 So.2d 817 (Fla. 2002).[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. For the reasons expressed below, we quash the district court's decision in Osborne and clarify our holding in *507 Goode. In this opinion we resolve the issue regarding the proper remedy for trial courts to implement when the State fails to timely try a case under the mandatory time provisions of the Involuntary Civil Commitment of Sexually Violent Predators Act, also known as the Jimmy Ryce Act (hereinafter "Ryce Act"). See §§ 394.910-394.931 Fla. Stat. (1999).

PROCEEDINGS TO DATE
Stephen Lloyd Osborne moved to dismiss the Ryce Act petition against him on the basis that the State failed to bring the case to trial within the thirty days of the trial court's probable cause finding, as required by section 394.916(1), Florida Statutes (1999). See Osborne, 781 So.2d at 1138.[2] The trial court dismissed the petition against Osborne with prejudice because the State did not bring him to trial within the specified time period, nor did it receive a continuance for good cause. Id. The Fifth District Court of Appeal reversed the trial court's decision, finding (1) the State had the right to appeal the dismissal of the petition; (2) the statutory thirty-day time period was directory, but not jurisdictional; and (3) Osborne was not entitled to relief because he failed to argue that he suffered any prejudice as a result of the State's failure to timely bring him to trial. Id. at 1138-40.

STATE'S RIGHT TO APPEAL
Osborne first challenges the State's authority to appeal the dismissal of Ryce Act petitions. He argues that because the Ryce Act expressly provides for the respondent to appeal, but does not expressly provide for the State to appeal, the State possesses no statutory right to appeal decisions in Ryce Act cases.
We conclude that the Ryce Act contemplates civil proceedings and that the State has the statutory right to appeal in civil cases as do all litigants in such proceedings. See § 59.06(1), Fla. Stat. (1999) (providing the statutory right to appeal from final judgments or orders in civil actions); see also § 394.9155(1), Fla. Stat. (1999) ("The Florida Rules of Civil Procedure apply unless otherwise specified in this part."); Westerheide v. State, 831 So.2d 93, 100 (Fla.2002) (stating that the Ryce Act "was clearly intended to create a civil commitment scheme" for those who are determined to be sexually violent predators under the Act).
Thus, we approve that portion of the Fifth District's decision below that held that "the State possesses the same right to appeal as any other party in a civil proceeding." Osborne, 781 So.2d at 1138.

REMEDY
In State v. Goode, 830 So.2d 817 (Fla.2002), this Court affirmed the trial court's dismissal of Goode's Ryce Act petition "because a trial was not commenced within the mandatory thirty-day time period provided by statute, and no continuance for good cause was ordered prior to the expiration of that period." Id. at 818. We further interpreted the thirty-day time provision in section 394.916, Florida Statutes (1999), as being "mandatory but not jurisdictional." Id. at 821. Hence, we have already concluded that dismissal is appropriate if the mandatory time standards of section 394.916 are not met. The remaining issue is whether the dismissal *508 should be with or without prejudice to the State to refile.
In our analysis of the Ryce Act's thirty-day trial window in Goode, this Court explained why the thirty-day period was mandatory, but not jurisdictional, stating:
If the thirty-day time period in section 394.916(1) were held to be merely directory and could be routinely ignored without consequence, the limitations on continuances listed in section 394.916(2) would essentially be rendered meaningless. As noted above, section 394.916(2), allows for a continuance, upon a showing of good cause by one of the parties or by the court's own motion, only where the detainee will not be substantially prejudiced. Clearly, the fact that the Legislature felt it was necessary to include a provision for continuance and limit the occasions on which a continuance should be granted indicates that the Legislature contemplated and intended that commitment proceedings would occur in a prompt and timely manner.
Id. at 824 (footnote omitted). Additionally, in State v. Kinder, 830 So.2d 832 (Fla. 2002), this Court approved the district court's holding "that the time provisions of section 394.916(1) of the [Ryce Act] are mandatory unless a continuance is granted for good cause." Id. at 832.[3] Following the holdings of Goode and Kinder, we are now presented with the issue of a respondent's remedy under the Ryce Act when the State fails to timely bring the case to trial.
Although we have recognized that the mandatory thirty-day time period must be enforced, we conclude that a dismissal of the petition with prejudice in this case would run contrary to our previous holdings.[4] In accordance with our holdings in Goode and Kinder that the thirty-day rule is mandatory but not jurisdictional, we find that a dismissal of a Ryce Act petition with prejudice for failure to try the case in the required time period would be incongruous with our prior interpretation of the thirty-day rule. A dismissal of a petition with prejudice would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction. We, of course, have already held that the time period is not jurisdictional. Although the State must be held to the mandatory statutory time frames, we do not believe the Legislature intended that those time frames be used as vehicles by which to dispose of Ryce Act proceedings where the respondent suffers no prejudice. Rather, we conclude that absent a demonstration of prejudice, the dismissal should be without prejudice and the respondent should be released.
Section 394.915, Florida Statutes (1999), provides that once probable cause has been found in a Ryce Act case, the respondent is to be held securely awaiting trial once his incarcerative sentence expires. See § 394.915(1), (5), Fla. Stat. (1999). In Kinder, we acknowledged the consequences that delayed Ryce Act trials could have on respondents who, by statute, are not entitled to pretrial release:
[T]he Legislature did not intend the thirty-day time period explicitly set out in the statute to be merely a "suggested" practice, particularly when, as illustrated by this case, failure to comply *509 with the time limit may mean a person can be detained for months or years on end without trial based on an ex parte proceeding. This Court can think of no other context, civil or criminal, that would allow an individual to be detained indefinitely based on a probable cause determination where the individual had no right to appear. Such a practice is directly contrary to fundamental principles of due process set out in our federal and state constitutions.
830 So.2d at 833-34. It is apparent that the Legislature was concerned that a respondent not be indefinitely detained and that the State act promptly in bringing the matter to trial so that the respondent's detention after the criminal sentence expires be kept to a minimum. Hence, we conclude that where a respondent has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause, the respondent's remedy is release from detention and a dismissal without prejudice of the pending proceedings. See Kinder, 830 So.2d at 833 ("[A]fter the time period in section 394.916(1) has run, trial is no longer pending and section 394.915(5) no longer requires the defendant to be detained pending trial.").

CONCLUSION
Although we agree that a Ryce Act petition should be dismissed after passage of thirty days without a continuance for good cause, we conclude that the dismissal should have been without prejudice in this case.
Accordingly, for the reasons stated in this opinion, we quash the Fifth District's decision in Osborne to the extent that it is inconsistent with this opinion.
It is so ordered.
WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which PARIENTE, C.J., concurs.
ANSTEAD, J., dissenting.
I cannot agree with the majority, since in essence, we have already determined in State v. Goode, 830 So.2d 817 (Fla.2002), that the proper remedy in cases such as Osborne is dismissal with prejudice. This outcome is not only mandated by our reasoning in Goode, but also is consistent with the law from Kansas, the state upon whose legislation the Ryce Act was modeled, and upon whose law we relied in Goode. In Goode, we examined the Kansas law and the manifest constitutional concerns in the detention scheme, and came to the conclusion that the thirty-day trial period in Ryce Act cases was mandatory. Id. at 821.
In 2002, the Kansas Supreme Court concluded that a similar mandatory time period set out in the Kansas Sexually Violent Predator Act (SVP) was analogous to speedy trial periods in criminal cases. The Kansas Supreme Court held that absent the State demonstrating good cause for a continuance, the expiration of the period for trial required a dismissal with prejudice. See In re Care & Treatment of Searcy, 274 Kan. 130, 49 P.3d 1, 9-10 (2002) (holding that the trial period is mandatory and a statutory right granted to respondents under the Act); see also In re Care & Treatment of Blackmore, 30 Kan. App.2d 90, 39 P.3d 89 (2002); In re Care & Treatment of Brown, 26 Kan.App.2d 117, 978 P.2d 300 (1999).[5]
*510 Similarly, like this Court in Goode, the South Carolina Supreme Court has interpreted South Carolina's SVP Act trial period to be mandatory, but not jurisdictional, and concluded that failure to adhere to the mandatory time limit will result in dismissal with prejudice. See In re Care & Treatment of Matthews, 345 S.C. 638, 550 S.E.2d 311, 314 (2001) ("[T]he fact that the legislature set forth the terms under which a trial could be held outside the sixty-day period is further evidence of the legislature's intent to require strict adherence to the mandated time frame.").
Florida, South Carolina, and Kansas all have virtually identical provisions controlling any exceptions to the mandatory trial time. See § 394.916(2), Fla. Stat. (1999) ("The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced."); Kan. Stat. Ann. § 59-29a06(a) (Supp.2004) ("The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced."); S.C.Code Ann § 44-48-90 (Supp.2004) ("The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and only if the respondent will not be substantially prejudiced."). Of the three states, we are now the only one to stray from the clear dictates of the statute.
As in Kansas and South Carolina, the Florida Legislature has mandated that a trial be conducted within a limited time unless the State is granted a continuance for good cause. The majority's analysis provides no incentive to the State to timely try Ryce Act cases, which clearly defeats the purpose we relied upon in Goode for imposing "mandatory" time constraints which require "scrupulous compliance."[6] The dismissal of a petition without prejudice, as the majority approves, would basically allow the State to simply refile a petition after failing to try the case within the mandatory time frame imposed by the Legislature.
The majority's interpretation of the "jurisdictional" analysis in Goode is also flawed. As explained in Goode, in Florida there remains a distinction between mandatory and jurisdictional, since the trial court cannot actually lose jurisdiction after the mere passage of the time provided for trial because the court has the authority to grant continuances to go beyond the time. Hence, as in Kansas and South Carolina, we concluded that the time frame was mandatory, absent a continuance for good cause. That the trial court retains jurisdiction to grant continuances provides no *511 basis for ignoring the mandatory provisions of the statute where no continuance is authorized. There has been no attempt in this case to show that good cause existed for a continuance. In fact, the State simply ignored the mandatory provisions for trial and never sought to extend them. This is completely contrary to the statutory scheme.
Further, in our analysis of the Ryce Act in Goode, we discussed the Florida Legislature's reliance on Kansas's Sexually Violent Predator Act as a model, and the important constitutional reasons for a mandatory trial schedule:
We conclude that because both the Kansas and Florida Legislatures were concerned about the patent constitutional issues implicit in any scheme of involuntary and indefinite detention to be imposed in addition to specific criminal penalties imposed for the same underlying conduct, it is apparent that they sought to counter those concerns and temper the drastic effects of the indefinite detention scheme by the imposition of rigid time constraints set out in explicit language in the acts. Importantly, the Kansas courts have found the sixty-day time provision of the Kansas act to be both mandatory and jurisdictional. See In re Brown, 26 Kan.App.2d 117, 978 P.2d 300, 303 (1999).
830 So.2d at 822-23. The majority has ignored the fact that as in Kansas, the Florida Legislature itself has set the strict conditions upon which a trial could be conducted beyond the mandatory trial period. The majority's holding essentially eliminates the mandatory requirement of the statutory scheme since the State is simply permitted to refile over and over again without sanction.
The majority has quickly forgotten that we found the strict time constraints were an essential component of both the Legislature's constitutional concerns as well as our constitutional analysis. In Goode, this Court emphasized the importance of time constraints in Ryce Act case proceedings due to the need to balance the constitutional concerns that inmates are being held beyond the terms of their criminal sentences and may be held for a lifetime:
Civil commitment proceedings involve a serious deprivation of liberty and, thus, such proceedings must comply with the due process clauses of the Florida and United States Constitutions. See Addington [v. State of Texas], 441 U.S. [418] at 425, 99 S.Ct. 1804[, 60 L.Ed.2d 323 (1979)] (holding that civil commitment for any purpose constitutes significant deprivation of liberty that requires due process protection); Pullen v. State, 802 So.2d 1113, 1117 (Fla.2001) (noting that "an individual who faces involuntary commitment to a mental health facility has a liberty interest at stake").
. . . .
. . . [I]f the word "shall" is not construed as mandatory, a serious question would arise as to whether the Ryce Act itself provides the proper constitutional protections to detainees, particularly as it has been applied to the respondent in the instant case. Accordingly, based on the importance of the obvious liberty rights at stake, and consistent with the Kansas act upon which Florida's law is modeled, we agree that the Legislature intended that there should be "scrupulous compliance" with the statutory thirty-day time limit set forth in section 394.916(1). See id.

Goode, 830 So.2d at 825-26. In other words, because holding someone in custody after the expiration of a lawful sentence tests the outer limits of due process, a provision for a speedy trial helps alleviate concerns for indefinite restraint without a *512 trial to validate the detention. The majority has now destroyed the sensitive balancing of concerns which was at the core of our constitutional evaluation and holding in Goode.
PARIENTE, C.J., concurs.
NOTES
[1] This Court previously disapproved of part of the Fifth District's opinion in Osborne. See State v. Goode, 830 So.2d 817, 823-24 (Fla. 2002) (disapproving of the Osborne court's characterization of the thirty-day period to conduct a Jimmy Ryce trial as being "directory," and holding that the period is mandatory, but not jurisdictional).
[2] The district court opinion relates that three months passed between the State's filing of the petition and Osborne's filing of the motion to dismiss. See Osborne, 781 So.2d at 1137-38. No continuance for good cause was ordered and during that time, Osborne successfully moved to disqualify the trial judge and the case was reassigned. Id.
[3] Also, in Kinder, this Court addressed the detention of respondents (whose criminal sentences have been served) awaiting trial beyond the thirty-day period. Kinder, 830 So.2d at 833.
[4] Of course, the State's ability to refile a Ryce Act petition is subject to the appropriate statutory limitation period. Our opinion should not be read as suspending or extending that requirement in any way.
[5] After the court decisions mandating dismissal with prejudice, the Kansas SVP Act was amended. In 2003, the Kansas Legislature amended section 59-29a01, Kansas Statutes Annotated (Supp.2002), to make the time periods directory. The amendment provided:

Notwithstanding any other evidence of legislative intent, it is hereby declared that any time requirements set forth in K.S.A. 59-29a01 et seq. and amendments thereto, either as originally enacted or as amended, are intended to be directory and not mandatory and serve as guidelines for conducting proceedings. . . .
2003 Kan. Sess. Laws ch. 152, § 1 (codified at § 59-29a01, Kan. Stat. Ann. (Supp.2004)). See In re Hunt, 32 Kan.App.2d 344, 82 P.3d 861, 872 (2004) (discussing the amended statute and stating "[t]here can be little doubt that legislators were aware of Brown, Blackmore, and Searcy and did not agree with their results").
[6] Merriam-Webster's Collegiate Dictionary defines the word "mandatory" as "containing or constituting a command." Merriam-Webster's Collegiate Dictionary 706 (10th ed. 1999); see also Black's Law Dictionary 973 (7th ed.1999) (defining "mandatory" as "[o]f, relating to, or constituting a command; required; preemptory").