BROWNING, J.
This an appeal of the trial court’s January 7, 2005, nunc pro tunc, April 16, 2004, order dismissing the State’s petition for involuntary commitment of Keith Dwayne Head as a sexually violent predator under the Jimmy Ryce Act. Although the challenged order does not expressly indicate whether the dismissal is with, or without, prejudice, the State concluded “it is apparent that the trial court’s intention was that the State would be unable to refile,” for the order “left no remaining issue open for judicial resolution.”
After the trial court issued the dismissal order, the Supreme Court of Florida decided Kephart v. Regier, 30 Fla. L. Weekly S182, — So.2d -, 2005 WL 673681 (Fla. Mar. 24, 2005); and Osborne v. State, 907 So.2d 505 (Fla.2005). In Osborne, the supreme court noted that “[a] dismissal of a petition with prejudice would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction.” Id. at 508. The court opined: “[W]e do not believe the Legislature intended that those time frames be used as vehicles by which to dispose of Ryce Act proceedings where the respondent suffers no prejudice. Rather, we conclude that absent a demonstration of prejudice, the dismissal should be without prejudice and the respondent should be released.” Id. The court added: “Of course, the State’s ability to refile a Ryce Act petition is subject to the appropriate statutory limitation period. Our opinion should not be read as suspending or extending that requirement in any way.” Id. at n. 4.
Because the trial court did not have the benefit of these recent pronouncements from the supreme court addressing the prejudice factor, we REVERSE the dismissal order and REMAND for further proceedings.
WOLF and VAN NORTWICK, JJ., concur.