PARIENTE, J.
The question presented in this case is whether an individual who has been tried and determined to be a sexually violent predator under the Jimmy Ryce Act[1] is entitled to release and dismissal of the Jimmy Ryce proceedings on the grounds that he was not brought to trial within thirty days as required by the Act, where the individual objects in the trial court but waits until after trial to seek relief in the appellate courts. In Boatman v. State, 39 So.3d 391, 394 (Fla. 1st DCA 2010), the First District Court of Appeal determined that Boatman had waived the remedy of *1244 dismissal without prejudice, which would have been available if he had filed a petition for writ of habeas corpus before trial.
In this case, Boatman does not attack any aspect of his Jimmy Ryce trial pertaining to the fairness of the trial proceeding itself. Rather, Boatman asserts that because his pretrial detention was improper, he should be released and the petition dismissed, even though a trial has been held and he has been determined to be a sexually violent predator under the Act.
In its decision, the district court certified a question to be of great public importance,[2] which we rephrase as two separate certified questions. The first rephrased certified question is:
1. When a respondent who has served his or her prison sentence is not brought to trial within thirty days of the finding of probable cause under the Jimmy Ryce Act, and he or she has objected or filed a motion to dismiss in the trial court, must the respondent seek relief by habeas corpus prior to trial or else waive the claim?
In order to resolve this case, our answer to the first rephrased certified question also requires us to answer the next question:
2. If the respondent waits to bring the claim on appeal after the trial, is the respondent entitled to the remedy of release and dismissal of the Jimmy Ryce proceedings, where the challenge is to the length of the pretrial detention and there is no demonstration of an impact on the fairness of the trial?
We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
For reasons more fully explained below, we answer both of the rephrased certified questions in the negative. With respect to the first rephrased certified question, we hold that a Jimmy Ryce respondent who has unsuccessfully objected to a continuance or filed a motion to dismiss in the trial court may challenge a violation of the thirty-day statutory time limit by way of filing a petition for writ of habeas corpus prior to trial or may choose to wait until the conclusion of trial to bring the challenge on direct appeal. With respect to the second rephrased certified question, we hold that should the respondent wait until after the trial to raise this challenge, he or she must demonstrate an impact on the fairness of the trial to be entitled to relief.
In this case, we hold that although Boatman did not waive his claim by waiting to bring it until after the trial, he is not entitled to release and dismissal of the Jimmy Ryce proceedings because he is challenging the length of his pretrial detention and not alleging that the improper continuance had any impact on the fairness of his trial. Thus, we approve the result reached by the First District but not its reasoning.
FACTS AND PROCEDURAL HISTORY
In 1994, Rayvon L. Boatman pled guilty to one count of committing sexual battery with slight force. While serving a prison sentence for sexual battery, Boatman was referred to the multidisciplinary team of the Department of Children and Families *1245 (DCF) on November 16, 2007, for an assessment to determine whether he should be involuntarily committed as a sexually violent predator under the Jimmy Ryce Act.
On May 28, 2008, the multidisciplinary team determined that Boatman required a mental health evaluation in order to determine whether he met the criteria to be considered a sexually violent predator. Boatman was evaluated by two psychologists, both of whom concluded that Boatman suffered from a mental abnormality that made him likely to engage in acts of sexual violence if he was not confined in a secure facility for long-term control, care, and treatment. On July 9, 2008, the multidisciplinary team issued a written assessment finding that Boatman met the definition of a sexually violent predator and recommended that the state attorney file a petition seeking civil commitment.
Nearly three months later, on October 1, 2008, the state attorney filed a petition to involuntarily commit Boatman as a sexually violent predator. The petition alleged that Boatman was scheduled to be released on October 5, 2008. The same day that the petition was filed, the trial court entered an order finding probable cause to believe that Boatman met the criteria of a sexually violent predator under the Act, ordering Boatman’s transfer to DCF at the completion of his sentence, and setting the case for trial on October 20, 2008. On October 8, 2008, the trial court held a pretrial hearing, appointed counsel for Boatman, and confirmed the trial date for October 20.
On October 10, 2008, the State filed a motion to continue the trial. While the Act requires that a trial must be conducted within thirty days of the determination of probable cause, it also provides for a continuance of not more than 120 days upon a showing of good cause, provided that the individual will not be substantially prejudiced. § 394.916(l)-(2), Fla. Stat. (2008). In support of its motion, the State asserted that one of the experts who had evaluated Boatman was “out of the country and unavailable for trial.” The State asserted that other reasons existed to support a showing of good cause to continue, including that the defense would not have time to engage in discovery and thus the defense expert who was to evaluate Boatman would have “virtually no information from which to testify effectively.” The State also noted that it would not have time to depose the expert. The State asserted: “The bottom line in this case is that neither side is prepared for trial at this time.”
At an October 13, 2008, hearing, Boatman opposed the motion. Boatman’s counsel stated that the multidisciplinary team recommended on July 9, 2008, that the petition be filed, but the State failed to file the petition until the end of Boatman’s sentence in October. Boatman’s counsel argued that Boatman was being deprived of his liberty solely for this civil matter and that it was not the State’s job to determine whether the defense was ready for trial.
The trial court granted the continuance, finding that the State had demonstrated good cause and that Boatman did not establish substantial prejudice. The court scheduled the trial for the week of February 2, 2009. The court also scheduled an adversarial probable cause hearing for the week of October 20, 2008.[3] It appears from the record that an adversarial probable cause hearing was never held; howev *1246 er, the record does not contain any explanation for why the hearing was not held. The trial was later continued for one week by stipulation of the parties because the State’s experts were unavailable the week that the trial was originally scheduled.
The trial was held on February 9 and 10, 2009. The morning of the first day of trial, just before jury selection, Boatman briefly renewed his objection to the trial proceeding because it did not take place within the thirty days contemplated by the statute and asked that the proceedings be dismissed. The trial judge denied the motion.
At the conclusion of the trial, the jury returned a verdict finding Boatman to be a sexually violent predator. That same day, the trial court entered a final judgment determining Boatman to be a sexually violent predator and committing him to the custody of DCF.
Boatman appealed to the First District Court of Appeal, contending that the trial court erred in granting the State’s motion to continue and that he was entitled to immediate release because his civil commitment trial was not held within thirty days of the probable cause finding. Specifically, Boatman asserted that the State failed to show good cause for a continuance. Boatman also asserted that he was substantially prejudiced because at the time the State sought the continuance, Boatman would have been free but for being detained while awaiting trial.
The First District concluded that the thirty-day deadline was not validly extended, holding that the trial court abused its discretion in granting the continuance because Boatman was substantially prejudiced. Boatman, 39 So.3d at 394. The First District then addressed Boatman’s argument that the proper remedy for an improper continuance was Boatman’s release and dismissal of the State’s petition without prejudice, stating that the
remedy contemplates that “the State may be entitled to continue the proceedings, but the respondent may be entitled to his freedom where the State has not scrupulously complied with the Act’s provisions.” Thus, dismissal without prejudice would release appellant from custody without depriving the trial court of jurisdiction over the case.
Id. (quoting Mitchell v. State, 911 So.2d 1211, 1219 (Fla.2005)). The First District concluded, however, that any relief provided by a dismissal without prejudice would be moot because Boatman
already ha[d] been tried and committed under the Act. A dismissal without prejudice would only prolong the proceedings by allowing the state to refile the petition and requiring yet another trial. The purpose of the thirty-day deadline is to minimize pretrial detention by requiring commitment trials to be held promptly, not to give respondents a proverbial “second bite at the apple.”
Id. at 395. The First District then addressed what it believed to be the proper remedy: “[T]o further the legislature’s intent that such trials be held promptly, the proper remedy in such cases is for the respondent to file a motion to dismiss the petition as soon as the thirty-day deadline has expired, and to seek immediate relief by habeas corpus if the motion is denied.” Id. Because Boatman waited to raise the issue on appeal, rather than seeking immediate relief by habeas corpus upon expiration of the thirty-day deadline, the First District concluded that he waived his claim. Id. Thus, the First District affirmed Boatman’s involuntary civil commitment under the Act, but certified the question as one of great public importance to this Court. Id.
*1247 ANALYSIS
The first rephrased certified question asks this Court to determine the proper procedure for asserting a claim that the thirty-day deadline was violated after the respondent raised the issue to the trial court, but the trial court denied relief. Specifically, the question asks whether the respondent must file a petition for writ of habeas corpus prior to trial or else waive the claim. The second rephrased certified question asks this Court to determine whether release and dismissal of the Jimmy Ryce proceedings is an available relief where the respondent waits to bring the claim on appeal after the trial, but does not demonstrate an impact on the fairness of the trial itself. These questions involve pure questions of law and thus are subject to de novo review. See Sanders v. State, 35 So.3d 864, 868 (Fla.2010) (“Pure questions of law are subject to de novo review.”).[4]
We begin with a brief overview of the Jimmy Ryce Act. Then, we discuss our case law pertaining to the thirty-day deadline in the Act. Next, we address the first rephrased certified question and hold that a challenge to the thirty-day limit need not be sought before trial by way of a petition for writ of habeas corpus, but may be brought on appeal after trial. Finally, we address the second rephrased certified question and conclude that although a challenge to the thirty-day deadline may be brought after trial, in cases where the respondent waits until direct appeal to bring the claim, but does not demonstrate any impact on the fairness of the trial itself, he or she is not entitled to the relief of release and dismissal of the Jimmy Ryce proceedings.

The Jimmy Ryce Act

First passed by the Legislature in 1998, see ch. 98-64, § 24, at 455, Laws of Fla., the Jimmy Ryce Act provides for the civil commitment of sexually violent predators upon their release from “total confinement.” Total confinement is defined by the Act to mean that the individual is “currently being held in any physically secure facility being operated or contractually operated for the Department of Corrections, the Department of Juvenile Justice, or the Department of Children and Family Services.” § 394.912(11), Fla. Stat. (2008). Commitment proceedings under the Act are civil in nature, Mitchell v. State, 911 So.2d 1211, 1215 (Fla.2005), and generally the “Florida Rules of Civil Procedure apply unless otherwise specified” in the Act. § 394.9155(1), Fla. Stat. (2008).
Under the Act, the commitment process is initiated by the “agency with jurisdiction over a person who has been convicted of a sexually violent offense.” § 394.913(1), Fla. Stat. (2008).[5] Under section 394.913, which provides the applicable procedure when a person’s release has not become immediate, the agency with jurisdiction gives written notice to a multidisciplinary team prior to the person’s anticipated release. Id. The Act then provides for time frames in which to give the notice and for when the team is to issue a written assessment as to whether the person meets the *1248 definition of a sexually violent predator and to give a written recommendation to the state attorney and DCF. § 394.913(l)(a)-(c), Fla. Stat.; § 394.913(3)(e), Fla. Stat.
Following receipt of the written assessment and recommendation from the team, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator. § 394.914, Fla. Stat. The judge must then determine whether probable cause exists to believe that the individual is a sexually violent predator. § 394.915(1), Fla. Stat. If the judge determines that there is probable cause, then the judge must order that the individual “remain in custody and be immediately transferred to an appropriate secure facility if the person’s incarcerative sentence expires.” Id. Section 394.9135 provides for expedited procedures when the anticipated release from total confinement “becomes immediate for any reason.” § 394.9135(1), Fla. Stat. (2008).
Regardless of which procedure is used to initiate Jimmy Ryce proceedings, the Act provides for the possibility of an adversarial probable cause hearing in addition to the initial determination of probable cause
[ujpon the expiration of the incarcerative sentence and before the release from custody of a person whom the multidisciplinary team recommends for civil commitment, but after the state attorney files a petition under s. 394.914, ... if [the court] determines such a hearing is necessary. The court shall only consider whether to have an adversarial probable cause hearing in cases where the failure to begin a trial is not the result of any delay caused by the respondent.
§ 394.915(2), Fla. Stat. (2008). During the adversarial probable cause hearing, the judge shall receive evidence and hear argument, and the respondent has the right to be represented by counsel, present evidence, and cross-examine any witnesses. § 394.915(2)-(3), Fla. Stat. This Court has observed that the adversarial probable cause hearing “was apparently intended by the Legislature to be a fallback procedure for persons who were entitled to release from prison but still had not been brought to trial under the commitment petition ... [and] provides the person with more rights than the initial ex parte probable cause determination.” Goode, 830 So.2d at 827.
In addition to the protection of the adversarial probable cause hearing, the Act places strict time limits on when the trial shall commence, mandating that the trial take place within thirty days after the determination of probable cause, unless continued. § 394.916(1), Fla. Stat. Continuances are also guided by the Act, which provides:
The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.
§ 394.916(2), Fla. Stat. The focus of this case is the thirty-day statutory deadline to bring a respondent to trial.

The Thirty-Day Deadline

This Court has previously held that the thirty-day provision is mandatory, meaning that the trial must be held within thirty days and compliance with the time limit is not a matter of convenience. However, this Court held that the provision is not jurisdictional, meaning that the trial court does not lose jurisdiction over the case after the thirty days has elapsed. Goode, 830 So.2d at 820-21. In concluding that the thirty-day deadline is mandatory, this Court noted that the Legislature was *1249 concerned about the constitutional issues implicit in an involuntary commitment scheme involving indefinite detention to be imposed in addition to specific criminal penalties for the same act. Id. at 822. The Court concluded that because of this concern, it was “apparent that [the Legislature] sought to counter those concerns and temper the drastic effects of the indefinite detention scheme by the imposition of rigid time constraints set out in explicit language in the act[].” Id. This Court stated that “the intent of the legislature in enacting the thirty-day time limit was to ensure that detainees be brought to trial loithout undue delay. Therefore, we also conclude that the thirty-day time limit is mandatory.” Id. (quoting Kinder v. State (Kinder I), 779 So.2d 512, 514-15 (Fla. 2d DCA 2000), approved 830 So.2d 832 (Fla. 2002)).
This Court later clarified that the proper remedy when the State fails to timely try a case under the mandatory time provisions of the Act is release of the respondent and dismissal of the State’s petition without prejudice. Osborne v. State, 907 So.2d 505, 506-08 (Fla.2005). We concluded that a dismissal of the petition with prejudice would be incongruous with our prior interpretation of the thirty-day rule. Id. at 508. The Court held “that where a respondent has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause, the respondent’s remedy is release from detention and a dismissal without prejudice of the pending proceedings.” Id. at 509.[6]
Our case law illustrates that the thirty-day deadline is an important protection to a respondent in the Act to guard against Jimmy Ryce respondents being detained for long periods of time before trial based only on a showing of probable cause where the respondent does not either seek the continuance or consent to the delay. See Osborne, 907 So.2d 505 (majority opinion); Goode, 830 So.2d 817; State v. Kinder (Kinder II), 830 So.2d 832 (Fla.2002); see also Westerheide v. State, 831 So.2d 93, 105 (Fla.2002) (“[T]he act provides a range of procedural safeguards to the individuals.... ”). Further, as held in Osborne, where the challenge to a violation of the thirty-day deadline is brought prior to trial while the respondent is being detained, the appropriate remedy is dismissal of the petition without prejudice. Osborne, 907 So.2d at 509.
The cases from this Court that embraced the remedy of dismissal without prejudice for an individual who is not tried within the statutory guidelines were in distinctly different procedural postures than the case presently before us. In each case, Goode, Kinder, and Osborne, the State did not seek a continuance for good cause, as required by the Act. In Goode and Osborne, the respondents moved to dismiss the Jimmy Ryce proceedings upon the expiration of the thirty-day period and prior to trial, the dismissal was granted, and the State appealed. Osborne, 907 So.2d at 507; Goods, 830 So.2d at 819. In Kinder, the respondent’s motion to dismiss was denied, and the respondent sought a writ of prohibition in the district court prior to trial. Kinder I, 779 So.2d at 514.[7]

The Certified Questions

As stated above, the posture of this case differs significantly from Goode, Kinder, *1250 and Osborne. It is the different procedural history of this case — wherein the respondent objected to the continuance, later moved to dismiss the proceedings, the dismissal was denied, and the respondent waited until after trial to challenge the denial — that makes the issue one of first impression. As to the issue raised by the first rephrased certified question, the First District held that a respondent who would have been released but for the detention under the Act and who was not tried within the thirty-day deadline waives his or her claim if he or she does not seek relief by filing a petition for writ of habeas corpus prior to trial.
At the outset, we note that it is well established that a respondent can file a motion to dismiss after the expiration of the thirty-day deadline and, upon denial of that motion, seek pretrial relief by filing a petition for habeas corpus. See Murray v. Regier, 872 So.2d 217, 221-22 (Fla.2002) (recognizing that habeas corpus is a proper means to challenge the legality of pretrial detention under the Jimmy Ryce Act). As this Court explained in Mmray:
The State argues that Murray should simply wait until the civil commitment process is complete and then raise his constitutional challenge on appeal. However, as Murray points out in his brief, he has already been held in pretrial detention for more than three years after his criminal incarceration expired .... Indeed, the traditional purpose of the writ of habeas corpus is to furnish a speedy hearing and remedy to one whose liberty is unlawfully restrained.
Id. at 222 (footnote omitted).
However, here, the respondent did not seek relief in the appellate court prior to trial. The issue before us is unique — a direct analogy cannot be drawn to situations in criminal prosecutions involving either challenges to pretrial detention, which are generally to be brought prior to trial,[8] or speedy trial violation claims, which may be brought prior to trial or on appeal.[9] In pretrial detention claims, one of the available remedies may be pretrial release, but the proceedings are not dismissed, unlike the pretrial rem *1251 edy in Jimmy Ryce cases provided for in Osborne, which is release and dismissal of the petition without prejudice to refile. In contrast, the remedy for a speedy trial violation in the criminal context is that the defendant is “forever discharged from the crime.” Fla. R.Crim. P. 3.191(p)(3).[10] Further, the criminal speedy trial rules operate to provide an accused with clear parameters in order to assure the protection of the Sixth Amendment right to a speedy trial, which is a critical right that operates in criminal prosecutions. See Bulgin v. State, 912 So.2d 307, 309 (Fla. 2005); see also U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....”).
We conclude that while seeking a writ of habeas corpus prior to trial is the preferable method of challenging pretrial detention under the Act, nothing in our case law mandates that habeas corpus is the only remedy for challenging the legality of holding an individual in pretrial detention under the Act. We disagree with the First District’s holding that a respondent waives a claim predicated on a violation of the thirty-day deadline if he or she does not file a petition for habeas corpus before trial. Accordingly, we answer the first rephrased certified question in the negative.
We now turn to the second rephrased certified question, which concerns whether release and dismissal of the Jimmy Ryce proceedings is the proper remedy for an individual who waits for the conclusion of the trial to raise the issue on appeal. In Osborne, the Court stated that release from detention and dismissal without prejudice is the appropriate remedy when the respondent “has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause.” Osborne, 907 So.2d at 509 (emphasis added). Additionally, as stated by the First District: “The purpose of the thirty-day deadline is to minimize pretrial detention by requiring commitment trials to be held promptly, not to give respondents a proverbial ‘second bite at the apple.’ ” Boatman, 39 So.3d at 395 (emphasis added); see also Osborne, 907 So.2d at 509 (“[T]he Legislature was concerned that a respondent not be indefinitely detained and that the State act promptly in bringing the matter to trial so that the respondent’s detention after the criminal sentence expires be kept to a minimum.”).
We conclude that once a respondent has been tried and the respondent waits until after the trial to seek review of a continuance or denial of a motion to dismiss, a remedy requiring reversal of the trial, release, and dismissal of the Jimmy Ryce proceedings is not available where the claim pertains to the pretrial detention and there is no demonstration of an impact on the fairness of the trial itself.[11]

This Case

In this case, the State sought and was granted a 120-day continuance based *1252 on its assertion of good cause. See § 394.916(l)-(2), Fla. Stat. (mandating that the trial shall be conducted within thirty days after the determination of probable cause, but allowing for a continuance for not more than 120 days upon a showing of good cause and no substantial prejudice to the individual). Boatman and the State later agreed to an additional one-week continuance. Boatman was ultimately tried approximately four-and-a-half months after the determination of probable cause.
Boatman also did not avail himself of the opportunity to participate in an adversarial probable cause hearing where he could have tested the State’s evidence and cross-examined the State’s witnesses through counsel. Rather than challenging the circuit court’s granting of the State’s continuance by way of habeas corpus, he waited until after he was tried and was determined to be a sexually violent predator. Although he did not waive his claim by doing so, he is not entitled to relief because he alleges no effect on the fairness of the trial and no impeded ability to obtain witnesses or any other error flowing from the continuance. In short, Boatman’s only challenge is to his pretrial detention, which has terminated. Under these circumstances, we conclude that Boatman is not entitled to a reversal of his adjudication as a sexually violent predator, release from commitment, and dismissal of the Jimmy Ryce proceedings.
CONCLUSION
For the foregoing reasons, we answer the first rephrased certified question in the negative and hold that a Jimmy Ryce respondent who is detained past his or her incarcerative sentence and who has objected to a continuance or filed a motion to dismiss may seek immediate redress by way of filing a petition for habeas corpus or may choose to wait until after the conclusion of trial to bring such a challenge on appeal. However, we also answer the second rephrased certified question in the negative and hold that should the respondent wait until after the conclusion of trial, he or she must demonstrate an impact on the fairness of the trial itself to be entitled to relief.
In this case, because Boatman’s challenge is to the length of the pretrial detention and he does not allege any impact on the fairness of the trial itself, he is not entitled release and dismissal of the Jimmy Ryce proceedings. Accordingly, we approve the result of the First District’s decision, but not its reasoning.
It is so ordered.
QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., concurs in result.
LEWIS, J., dissents.
POLSTON, J„ recused.

. Sections 394.910-.932, Florida Statutes (2008) (entitled "Involuntary Civil Commitment of Sexually Violent Predators”), is commonly known as the Jimmy Ryce Act. The current 2011 version of the statutory scheme remains nearly identical and substantively the same as the 2008 version, except for section 394.922, Florida Statutes, which was repealed. See ch.2011-213, § 38, Laws of Fla.
In 2009, this Court promulgated rules of procedure for Jimmy Ryce Act proceedings. See In re Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, 13 So.3d 1025 (Fla.2009). Those rules are not at issue in this case.

. The question, as certified is:
WHEN A RESPONDENT WHO HAS SERVED HIS OR HER PRISON SENTENCE IS NOT BROUGHT TO TRIAL WITHIN THIRTY DAYS OF THE FINDING OF PROBABLE CAUSE UNDER THE JIMMY RYCE ACT, MUST THE RESPONDENT FILE A MOTION TO DISMISS AND, IF THE MOTION IS DENIED, SEEK RELIEF BY HABEAS CORPUS, TO PRESERVE THE CLAIM THAT THE MOTION SHOULD HAVE BEEN GRANTED?
Id. at 395.

. Section 394.915(2), Florida Statutes, provides for an adversarial probable cause hearing if, after the state attorney files a petition under section 394.914, a person is still in custody and his or her sentence expires, if the court determines such a hearing is necessary.

. We decline to address the State's alternative argument that the trial court did not err in granting the continuance of Boatman’s trial because Boatman was not substantially prejudiced by the continuance.

. The agency with jurisdiction is defined as "the agency that releases, upon lawful order or authority, a person who is serving a sentence in the custody of the Department of Corrections, a person who was adjudicated delinquent and is committed to the custody of the Department of Juvenile Justice, or a person who was involuntarily committed to the custody of the Department of Children and Family Services upon an adjudication of not guilty by reason of insanity.” § 394.912(1), Fla. Stat.

. Justice Anstead dissented, stating that the majority opinion "essentially eliminated] the mandatory requirement of the statutory scheme since the State is simply permitted to refile over and over again without sanction.” Id. at 511 (Anstead, J., dissenting).

. In the Kinder case, the respondent was apparently tried during the pendency of the ap *1250 pellate proceedings and before this Court’s decision was issued; however, the respondent had brought the challenge prior to trial. See Kinder II, 830 So.2d at 833 (”[T]he decision below indicates that although the commitment proceedings in the trial court were not stayed during the defendant’s appeal, the ‘State did not proceed to trial until ... some eleven months after the ex parte probable cause hearing that resulted in Kinder's confinement.’ ").

. See Greenwood v. State, 51 So.3d 1278, 1279 (Fla. 2d DCA 2011) ("A petition for writ of habeas corpus in the appellate court is the appropriate way to challenge a trial court’s ruling on the conditions of pretrial release.”); see, e.g., Blair v. State, 15 So.3d 758, 760 (Fla. 4th DCA 2009) ("The petition for writ of habe-as corpus is granted and the trial court shall hold a bond hearing and release the defendant on reasonable conditions unless the court determines that the failure to appear was willful and that 'no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.’ ” (quoting art. I, § 14, Fla. Const.)), approved, 39 So.3d 1190 (Fla.2010).

. Sherrod v. Franza, 427 So.2d 161, 163 (Fla.1983) ("[PJrohibition (which is the remedy sought here) may properly be used in the context of a speedy trial violation.”); Winter v. State, 865 So.2d 555, 556-57 (Fla. 1st DCA 2003) (reversing conviction on appeal for denial of speedy trial and ordering that the defendant be discharged from the crimes); McKinney v. Yawn, 625 So.2d 885, 886 (Fla. 1st DCA 1993) (reviewing order denying discharge for speedy trial violation under writ of prohibition, citing Sherrod, 427 So.2d at 163).

. State v. Nelson, 26 So.3d 570, 575 (Fla. 2010) (trial court denied motion to discharge and defendant filed writ of prohibition, stating that after the defendant files a notice of expiration of speedy trial time, provided that no exceptions exist, "the trial court must order that the defendant be brought to trial within the ten-day recapture period. This allows the State an additional opportunity to prosecute the defendant after the expiration of the speedy trial period. If the State fails to bring the defendant to trial within the recapture period and none of the exceptions exists, the defendant 'shall be forever discharged from the crime’ ” (citation omitted)).

. We recognize that the First District has recently held that the effect of release and dismissal without prejudice is that the State would be unable to refile a petition until the *1252 respondent is again in lawful custody. See Taylor v. State, 65 So.3d 531 (Fla. 1st DCA 2011). However, we decline to address this issue and Boatman's argument that such a dismissal would preclude the State from refiling a petition until he is again in lawful custody in total confinement in the future. That issue is not squarely before us because we hold that the relief of release and dismissal of the Jimmy Ryce proceedings is not available under the facts of this case.