MAKAR, J.,
concurring.
I fully concur and join in the majority opinion’s invited error analysis, though not without pause given the other viewpoints of my colleagues. I view this case through a pragmatic lens, one that focuses on (a) the legislative intent of the Jimmy Ryce Act, whose text specifically permits continuances beyond the statutory thirty-day requirement for conducting trials after probable cause is found, and (b) the Florida Supreme Court’s interpretations of the Act, which leave some room for judicial administration in specific cases based on the facts presented. Because the language of the Act provides for continuances, and because the Florida Supreme Court has avoided basing its Ryce Act decisions on inflexible principles that could produce harsh results where no manifest injustice is shown, I fully join the majority. I write supplementally because of the tension between a fixed versus flexible line for determining the extent to which continuances extend the Act’s statutory grant of jurisdiction in civil commitment proceedings.
The question here is whether the detainee, Anderson, is entitled to release despite his acquiescence in continuances that resulted in his trial being conducted beyond *1227 the statutory thirty-day limit. See § 394.916(1), Fla. Stat. Under the Act, the thirty-day requirement for trial can be extended: (1) once by either party for up to 120 days for good cause; or (2) by the court for any length of time if “in the interests of justice” and the detainee is not “substantially prejudiced.”[19] The Act further contemplates that “additional continuances” are generally impermissible unless the court finds that “a manifest injustice would otherwise occur.”[20] This latter provision envisions that additional continuances (of unspecified length) are not per se impermissible; instead, they are available to avoid “manifest injustice” in a particular case.
The upshot is that continuances of a trial are not inherently verboten under the Act, and are an integral part of the Act’s statutory grant of jurisdictional authority for civil commitment cases. Continuances raise concerns, however, when they extend beyond 120 days (or 240 days if each side obtains a 120-day continuance) or result in “substantial prejudice” to a detainee’s interest. Judicial concern for the detainee’s interest in release from custody increases as time passes, particularly where delay cannot be attributed or apportioned to the detainee (see State v. Goode, 830 So.2d 817 (Fla.2002) (granting relief where detainee never sought or agreed to continuances)); this concern is lessened to a degree where the detainee contributes to the delay or agrees to continuances (see Boatman v. State, 77 So.3d 1242 (Fla.2011) (denying relief where detainee agreed to continuances, trial was held, and detainee then lodged challenge on appeal)).
The Florida Supreme Court has chartered a facile course in deciding Ryce Act cases, recognizing the constitutional concerns associated with civil detention and commitment, but allowing for some flexibility in the application of the Act’s statutory jurisdiction under the facts presented. As an example, the court in Goode dismissed the petition at issue in that case, holding that the thirty-day statutory period was mandatory; it held, however, that the period was not “intended as a rigid jurisdictional bar to further proceedings.” Goode, 830 So.2d at 828. Subsequently, in Osborne v. State the court clarified its decision in Goode by holding that dismissal for failure to comply with the thirty-day requirement was without prejudice. 907 So.2d 505, 507-08 (Fla.2005). In doing so, it noted that a dismissal with prejudice “would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction,” and that such a result would be contrary to its holding that the thirty-day period was mandatory, not jurisdictional. Id.
Further, as noted above, in Boatman the court denied release where a detainee agreed to continuances; once a fair trial is held, dismissal on jurisdictional grounds is unavailable. The court stated:
We conclude that once a respondent has been tried and the respondent waits until after the trial to seek review of a continuance or denial of a motion to dismiss, a remedy requiring reversal of the trial, release, and dismissal of the Jimmy Ryce proceedings is not available where the claim pertains to the pretrial detention and there is no demonstration *1228 of an impact on the fairness of the trial itself.
77 So.3d at 1251. The Boatman decision suggests that detainees should not sit on their rights; instead, they should seek immediate relief via habeas corpus, the “preferable method of challenging pretrial detention under the Act.” Id. If they do not, detainees that agree to, acquiesce in, or seek continuances of trial, and then proceed to trial, cannot expect the remedy of permanent release to be available unless a continuance or denial of a motion to dismiss is shown to impact adversely the fairness of the trial. Id. at 1252.
Collectively, Goode, Osborne, and Boatman reflect that the Act’s statutory grant of jurisdictional authority is not peremptorily terminated where continuances and trial delays occur. Jurisdiction under the Act exists when proceedings are initiated against a detainee in lawful custody; this jurisdiction continues so long as the proceedings fall within the parameters of the Act’s provisions for continuances. Moreover, the court’s adoption of rules of procedure in 2009 for proceedings under the Act reflect flexibility in judicial administration by providing for time periods (e.g., trial commences within 30 days after summons returned) and standards for continuances (“good cause”) that can trump the more restrictive and conflicting procedural provisions in the Act.[21] See Tedesco v. State, 62 So.3d 1252, 1254 (Fla. 4th DCA 2011) (holding that return of summons under rule, versus finding of probable cause under statute, marks start of 30 day period).
Here, commitment proceedings were timely initiated against Anderson at a time when he was in lawful custody prior to his scheduled release. See Larimore v. State, 2 So.3d 101, 113, 117 (Fla.2008) (jurisdiction lacking where inmate “lawfully released” and “no steps have been taken in the commitment process”). Thereafter, an overall delay of approximately fourteen months in the trial proceedings resulted, due in large measure to Anderson and his counsel agreeing to continuances thereby extending jurisdiction under the Act; Anderson was even granted pre-trial release and sought a further continuance on the eve of trial. While this overall time period is longer than that in Boatman (where the trial was held four and a half months after the probable cause determination), it is far shorter than in Taylor v. State, 65 So.3d 531 (Fla. 1st DCA 2011) (which involved almost a ten year delay in the prosecution of the civil commitment trial of the detainee). Taylor can be viewed as an outlier due to its inordinate delay without a trial being held or a trial date set; the detainee also sought relief via prohibition before trial (no trial was ever held). While Taylor can be characterized as contributing or acceding to the *1229 delays early on in his civil commitment proceeding, nothing in that case reflects his acquiescence to an indefinite delay and the five-year gap thereafter when the state failed to prosecute the matter and no trial date was ever set; it was at the end of this latter time period when Taylor sought the writ of prohibition that this Court granted on the basis that jurisdiction was lacking for any further trial proceedings. Under these circumstances, the Act’s statutory grant of jurisdictional authority to proceed was stretched too thin. Taylor, 65 So.3d at 536 (“The state’s failure to prosecute its petition for nearly five years after the court granted its motion for continuance could hardly be characterized as ‘scrupulous compliance’ with the time limitations for bringing the case to trial.”).
Whether the holding of Taylor applies to this case is doubtful because of these dramatic temporal differences, the different procedural posture (trial v. no trial), and the fact that Anderson agreed or acquiesced in the modest delays at issue in this case thereby extending jurisdiction under the Act. These differences put this case closer to the situation in Boatman. Although the trial was continued over the detainee’s objection in Boatman, the Florida Supreme Court did not grant the detainee’s requested relief (i.e., permanent release from custody) because the detainee failed to challenge the continuances via an immediate habeas petition; instead, the detainee waited until after his trial (and the determination that he was a sexually violent predator) to seek relief. The court concluded that “[although he did not waive his claim by doing so, [the detainee] is not entitled to relief because he alleges no effect on the fairness of the trial and no impeded ability to obtain witnesses or any other error flowing from the continuance.” Boatman, 77 So.3d at 1252. The Florida Supreme Court did not countenance the delay in Boatman, but it was unwilling to ignore that no manifest injustice resulted under the facts it was presented.[22]
As in Boatman, the relief that Anderson seeks is unavailable because he agreed to the continuances that lengthened his detention, a fair trial was held, and no manifest injustice resulted. He cannot benefit from trial delays to which he contributed; nor can he be said to have shown any unfairness in his trial that would justify a result contrary to Boatman. While the continued vitality of Taylor reasonably might be questioned, this case can be decided narrowly within the existing framework the Florida Supreme Court has constructed. That no reported decision to date has cited Taylor (other than the Florida Supreme Court’s footnote in Boatman) provides some degree of reassurance that it is confined to its unusual facts and its procedural posture. It should not be viewed as more than one case involving an extraordinarily and unacceptably long detention without trial for which judicial relief was warranted; nor should it be read to permit compulsory release under facts like those presented here involving modest and agreed upon continuances.

. Section 394.916(2), Florida Statutes, provides that a “trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.” § 394.916(2), Fla. Stat.

. Id.

. See In re Florida Rides of Civil Procedure For Involuntary Commitment of Sexually Violent Predators, 13 So.3d 1025, 1031 (Fla.2009). The rules related to continuances, though tracking the statutory language, both recite a “good cause” standard. Rule 4.260, titled "Continuance of Trial,” provides that "[c]ontinuances should only be ordered upon a showing of good cause.” Id. at 1031-32. Rule 4.240(a), in part, provides:
The trial to determine if the respondent is a sexually violent predator shall be commenced within 30 days after the summons has been returned served and filed with the clerk of the court, unless the respondent waives the 30 day time period in writing, with a copy to the assigned judge, or on the record in open court. The court shall set a trial date not less than 90 days after the date of the waiver of the 30 day period. Further continuances shall be allowed only on good cause shown. A future trial date shall be set if a further continuance is allowed.
Id. at 1031. Notably, this last sentence envisions that indefinite continuances without a set trial date are not permitted.

. Of note, the Florida Supreme Court recognized that this Court’s decision in Taylor had issued, and the decision presented a potential ground for Boatman's release. Boatman, 77 So.3d at 1251 n. 11. It declined to do so, stating the "issue is not squarely before us because we hold that the relief of release and dismissal of the Jimmy Ryce proceedings is not available under the facts of this case.” Id.