# Third District Court of Appeal

## State of Florida

Opinion filed June 27, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0213
Lower Tribunal No. 05-12895

_____

**Torrance Kenneth Rogers,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Torrance Kenneth Rogers, in proper person.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for respondent.

Before SUAREZ, LAGOA and LUCK, JJ.

SUAREZ, J.

Torrance Rogers petitions this Court for a writ of prohibition seeking to dismiss a petition, filed below, for civil commitment of a sexually violent predator (a "Ryce Act" petition). Rogers claims the trial court violated his rights under section 394.916, Florida Statutes (2017), when it did not commence a jury trial

within thirty days of his request in open court. Because Rogers has an adequate remedy below, we dismiss his petition for writ of prohibition as premature. See Osborne v. State, 907 So. 2d 505, 507 (Fla. 2005) ("[Defendant] moved to dismiss the Ryce Act petition against him on the basis that the State failed to bring the case to trial within the thirty days of the trial court's probable cause finding, as required by section 394.916(1), Florida Statutes (1999)."); State v. Goode, 830 So. 2d 817, 819 (Fla. 2002) ("[W]hile [Defendant] was still being detained without trial, defense counsel filed two additional motions to dismiss the proceedings, and . . . a hearing on [Defendant's] motions to dismiss was held before . . . the assigned judge. At the conclusion of the hearing, [the judge] dismissed the proceedings on a violation of the statutory provision requiring a final hearing to commence within thirty days of the ex parte finding of probable cause.").

Dismissed.